Richard McEACHERN

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Submitted on Briefs March 15, 1996.

Decided May 14, 1996.

Jane Elizabeth Lee, Portland, for Petitioner.

Andrew Ketterer, Attorney General, Wayne S. Moss, Assistant Attorney General, Augusta, for State.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD and RUDMAN, JJ.

CLIFFORD, Justice.

Richard McEachern appeals from the judgment entered in the Superior Court (Penobscot County, *Delahanty, C.J.*) summarily dismissing his petition for post-conviction review. *See* 15 M.R.S.A. §§ 2121–2132 (Supp. 1995). McEachern contends that the issues raised in the within petition have not and could not have been raised in any of his prior

---

appeals or petitions and, accordingly, his petition should be granted. We disagree and affirm the dismissal.

In 1980, following a jury trial and resulting conviction for murder, 17–A M.R.S.A. § 201(1)(A) (1983), McEachern was sentenced to life imprisonment (*MacInnes, J.*). 17–A M.R.S.A. § 1251 (1983).[1] Since the date of his conviction, McEachern has filed, *inter alia,* a direct appeal, *State v. McEachern,* 431 A.2d 39 (Me.1981); a sentence appeal, *State v. McEachern,* No. AD–80–11 (Me.App.Div. (undated but filed Dec. 4, 1981)); and six petitions for post-conviction review. The court summarily dismissed this, McEachern's seventh petition for post-conviction review, finding that each of McEachern's present contentions could have been raised in his first petition. Pursuant to 15 M.R.S.A. § 2131, McEachern appealed from the judgment and we thereafter granted a certificate of probable cause.

■ McEachern first contends that he was denied sufficient opportunity to contest the life sentence because he was unaware, until our decision in *State v. Shortsleeves,* 580 A.2d 145 (Me.1990), of the criteria for the imposition of a life sentence set forth by the Appellate Division in *State v. Anderson & Sabatino,* Nos. AD–78–37 & AD–78–40 (Me. App.Div. June 30, 1980).[2] We are unpersuaded by his contention.

■ M.R.Crim.P. 70(b) permits the court to dismiss summarily a petition for post-conviction review "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petition fails to show subject matter jurisdiction or to state a ground upon which post-conviction relief can be granted." 15 M.R.S.A. § 2128 limits issues that may be raised on post-conviction review. Errors that the defendant could have raised or did raise on a direct appeal cannot be raised in a post-conviction review proceeding, 15 M.R.S.A. § 2128(1), and any error not raised in a prior post-conviction petition is deemed to be waived "unless the State or Federal Constitution otherwise require or unless the court determines that the ground could not reasonably have been raised in an earlier action." 15 M.R.S.A. § 2128(3). Here, in response to McEachern's appeal from his life sentence, the Appellate Division stated that

> [t]he presiding justice in the present case clearly addressed the question of aggravating circumstances as delineated in *Anderson* and *Sabatino* when he said at the sentencing [essentially, that McEachern committed the murder with premeditation-in-fact].... McEachern's counsel suggests that the sentencing judge did not consider mitigating circumstances, specifically that the defendant is a young person without prior criminal record whose actions were influenced by alcohol and drugs and by an ongoing feud with the victim. Regardless of whether these factors could be considered mitigating circumstances, we find ample evidence in the record that all of these and other circumstances were presented to and considered by the judge....

Because the Appellate Division addressed the issue of whether the trial court adequately considered the factors set forth in *Anderson* and *Sabatino,* McEachern's contention that he did not have the opportunity to raise that issue is unavailing.[3]

---

1. At the time of McEachern's sentence, 17–A M.R.S.A. § 1251 provided:

   A person convicted of murder shall be sentenced to the [Department of Corrections] for life or for any term of years that is not less than 25 years.

2. The aggravating circumstances that justify the imposition of a life sentence include: (1) premeditation-in-fact; (2) multiple deaths; (3) murder committed by a person who previously committed homicide or "any other crime involving the use of deadly force against a person;" (4) murder accompanied by torture, sexual abuse, or other extreme cruelty; (5) murder committed by

an inmate of a penal institution; (6) murder of a law enforcement officer while in the performance of his duties; and (7) murder of a hostage. *State v. Shortsleeves,* 580 A.2d 145, 149–50 (Me.1990) (citing *State v. Anderson & Sabatino,* Nos. AD–78–37 & AD–78–40 (Me.App.Div. June 30, 1980)).

3. By way of guidance to the trial court, we note that summary dismissal of a post-conviction review petition without appointing counsel for the petitioner should be employed with caution. *See, e.g. Brine v. State,* 232 A.2d 88, 89 (Me.1967) (summary dismissal of second petition for post-conviction review inappropriate when indigent defendant filed first petition without aid of coun-

For the same reasons, we find no merit in McEachern's additional contention that this petition should go forward because he was unaware of the effects of his use of the drug PCP, in particular, the potential significance of those effects as a mitigating factor in the sentencing process. McEachern, in fact, did raise the issue of his drug use before the Appellate Division. Moreover, he could have raised that issue in his direct appeal or in a prior petition for post-conviction review.[4] Accordingly, it was not error for the court to summarily dismiss McEachern's petition.

The entry is:

Judgment affirmed.

All concurring.

sel). Here, the trial court summarily dismissed the petition prior to obtaining a response from the State and, as a result, the decision of the Appellate Division was called to our attention only after we had already granted McEachern's petition for a certificate of probable cause. Although we affirm the judgment entered dismissing McEachern's petition in this case, unless the decision to summarily dismiss is absolutely clear, the trial court would be well-advised to appoint counsel and permit a response by the State to ensure adequate development of the basis for the petition prior to dismissal. *See Smith v. State,* 479 A.2d 1309, 1312 (Me.1984) (court in better position to assess worthiness of post-conviction claim if aided by counseled amendment of petitioner's pleading).

4. McEachern argues that information he has subsequently acquired about PCP would allow him to show, by way of mitigation, that the drug affected his state of mind and precluded a finding of premeditation-in-fact, one of the aggravating factors recited in *Anderson* and *Sabatino.* He does not demonstrate in any way, however, that his present knowledge of the effects of PCP is in any legal sense newly discovered. 15 M.R.S.A. § 2128(3), (4).