773 So.2d 124 (2000)
Michael KIJEWSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1570.
District Court of Appeal of Florida, Fourth District.
December 20, 2000.
Richard L. Jorandby, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Following appellant's conviction of robbery with a deadly weapon, the trial court imposed sentences under both the Prisoner Releasee Reoffender Act and the Habitual Felony Offender Statute. We remand for appellant to be sentenced only under *125 the PRRA. Grant v. State, 770 So.2d 655 (Fla.2000). We have considered appellant's other arguments and find them to be without merit, but address one of them, which is based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
In Apprendi the Supreme Court held that:
Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be pled in the information and proved to a jury beyond a reasonable doubt.
Id., 120 S.Ct. at 2362-63. The Prisoner Releasee Reoffender Act (PRRA) affects the sentence for a crime, if the crime was committed by a person who had been released from a state correctional facility within three years prior to that crime. § 775.082(9)(a)1. Appellant argues that Apprendi, which was decided after this case was tried, requires that his release be proved to a jury beyond a reasonable doubt and that he is therefore entitled to a new trial.
The statutory maximum sentence for robbery with a deadly weapon is a term not exceeding life imprisonment. § 812.13(2)(a), Fla. Stat. (1999). The PRRA requires that the maximum sentence, a life sentence, be imposed for a felony punishable up to life, and that one hundred percent of the sentence must be served. §§ 775.082(9)(a)3 and 775.082(9)(b). If appellant had not been sentenced under the PRRA, the trial court would not have been required to sentence him to the maximum of life imprisonment, and he would have been eligible for gain time and conditional relief. § 775.084(4)(j)-(k), Fla. Stat. (1999).
Prior to Apprendi, the Supreme Court addressed a statute which imposed a mandatory minimum sentence for an offense committed while the defendant possessed a visible firearm and held that proof of the possession of the firearm was not required because the possession did not alter the maximum penalty or create a separate offense calling for a separate penalty. McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). In Apprendi, the Court made it clear that it was not overruling McMillan, explaining:
The principal dissent accuses us of today "overruling McMillan." We do not overrule McMillan. We limit its holding to cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict a limitation identified in the McMillan opinion itself. (citations omitted).
Apprendi, 120 S.Ct. at 2361 n. 13. The Apprendi Court further explained that the statute involved in McMillan:
neither alters the maximum penalty for the crime committed nor creates a separate offense calling for a separate penalty; it operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it without the special finding of visible possession of a firearm.
Apprendi, 120 S.Ct. at 2361.
Like the statute in McMillan, the PRRA did not increase the maximum statutory penalty in this case, but rather limited the sentencing court's discretion in selecting a penalty within the statutory range. Apprendi, accordingly, does not require proof of appellant's release in order to subject appellant to a sentence under the PRRA.
We therefore affirm the conviction but remand for sentencing solely under the PRRA.
FARMER and TAYLOR, JJ., concur.