784 So.2d 551 (2001)
Judge DENNIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1155.
District Court of Appeal of Florida, Fourth District.
May 9, 2001.
*552 Carey Haughwout, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Meredith L. Balo, Assistant Attorney General, Fort Lauderdale, for appellee.
POLEN, J.
Judge Dennis timely appeals after a jury convicted him of burglary and petit theft. He was sentenced to ten years in prison as an habitual felony offender and violent career criminal, with a ten-year minimum for the violent career criminal status. While we affirm on all issues raised, we write only to discuss Dennis' contention that his sentence was illegal under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Apprendi holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490, 120 S.Ct. 2348 (emphasis supplied). Dennis maintains that under Apprendi, the court should have had the jury determine that he had the requisite predicate convictions necessary to impose the habitual felony offender and violent career criminal sentence.
We recently rejected a similar claim in Gordon v. State, No. 4D00-1607, ___ So.2d ___, 2001 WL 418754 (Fla. 4th DCA Apr.25, 2001), wherein we held that the findings required under the habitual felony offender statute fell within Apprendi's "recidivism" exception. As in Gordon, the facts justifying Dennis' sentence enhancement were not elements of his offense; rather, enhancement was authorized by his habitual felony offender and violent career criminal status under sections 775.084(4) and 775.084(4)(c), Florida Statutes (1999). Such statutes neither alter the maximum penalty for the crime committed nor create a separate offense; they operate "solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it without the special finding of visible possession of a firearm." Kijewski v. State, 773 So.2d 124, 125 (Fla. 4th DCA 2000)(discussing Prison Releasee Reoffender statute). Because Apprendi is inapplicable to the case at bar, we affirm.
AFFIRMED.
WARNER, C.J., and TAYLOR, J., concur.