796 So.2d 1263 (2001)
Scott OBERST, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-817.
District Court of Appeal of Florida, Fourth District.
October 17, 2001.
*1264 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant was sentenced on various convictions, including three counts of burglary of a dwelling. His sentence on each burglary count was for thirty years, to run concurrently. On each sentencing judgment, the court checked both the designation as Habitual Felony Offender ("HFO") and a Violent Career Criminal ("VCC"). As to the VCC designation, the court ordered a minimum term of thirty years. Appellant claims that by designating him as both a HFO and a VCC, the court violated double jeopardy principles. We conclude that, based upon legislative intent, appellant's dual sentence as both a HFO and a VCC is not authorized. We therefore reverse those sentences and remand for resentencing.
In Grant v. State, 770 So.2d 655, 658 (Fla.2000), the supreme court looked to legislative intent to determine that sentencing a defendant both under the Prisoner Releasee Reoffender Act ("PRRA") and as a HFO does not violate double jeopardy. The PRRA was a separate sentencing provision contained in section 775.082(9), Florida Statutes (1997). The court relied on Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), which explained that one function of the double jeopardy clause is to protect against multiple punishments for the same offense, so as "to ensure that the sentencing discretion of the courts is confined to the limits established by the legislature." Id. at 499. Because the PRRA specifically required that a person who qualified as a prison releasee reoffender "be punished to the fullest extent of the law and as provided in this subsection," the court concluded that the legislature intended for the PRRA to function as a mandatory minimum sentence, and it did not create two separate sentences for the same crime. See Grant, 770 So.2d at 658-59.
Using legislative intent as our guide, we conclude that the dual designation in this case is not proper. A HFO is defined in section 775.084(1)(a), Florida Statutes (1999), and a VCC is defined in subsection (d). Subsections 775.084(3)(a), (b), and (c) all require that the court make certain findings in a separate proceeding which will qualify the defendant as either a HFO, three-time violent felony offender, or a VCC. However, subsection (4)(f) states that "[a]t any time when it appears to the court that the defendant is eligible for sentencing under this section, the court shall make that determination as provided in paragraph (3)(a), paragraph (3)(b), or paragraph (3)(c)." (Emphasis added). Further, (4)(g) and (h), both refer to "a" sentence imposed under this section. Thus, the legislative language is in the *1265 disjunctive in section (4)(f) and the singular in sections (g) and (h). In contrast, in Grant, the court noted that in the PRRA the language was in the conjunctive and ordered that an offender "be punished to the fullest extent of the law and as provided in this subsection." Grant, 770 So.2d at 658 (emphasis added). The use of the disjunctive "or" in section 775.084(4) reflects a legislative intent to require the court to designate a defendant as either a HFO or a three-time violent felony offender or a VCC, but not any combination.
Because there are differences between the provisions for discretionary early release, designation as both a HFO and a VCC does make some difference to appellant. Therefore, the trial court must choose one or the other but not both. Unlike the PRRA, there is no mandatory duty on the court to sentence as a VCC. Compare § 775.082(9)(a)(3), Fla. Stat. (1999), with 775.084(3)(c)(5), Fla. Stat. (1999).
We therefore reverse and remand for resentencing of appellant as either a HFO or a VCC on the three burglary counts involved in these proceedings.
STEVENSON and HAZOURI, JJ., concur.