814 So.2d 1198 (2002)
Demoine WORKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4632.
District Court of Appeal of Florida, Second District.
April 19, 2002.
*1199 James Marion Moorman, Public Defender, and Richard P. Albertine Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Demoine Works appeals his convictions and sentences for shooting at, within, or into an occupied vehicle and for misdemeanor battery. We affirm three of the four issues raised by Works without comment. However, as to the shooting, because the trial court sentenced Works as both a habitual felony offender and a violent career criminal, we reverse the sentence.
Works was sentenced to thirty years' imprisonment for the shooting. On the sentencing form, the trial court checked both the habitual felony offender designation and the violent career criminal designation. As to the latter, the trial court ordered that Works must serve a minimum term of thirty years' imprisonment prior to his release.
During the pendency of this appeal, Works filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Works raised several issues including that he was improperly sentenced as both a habitual felony offender and a violent career criminal. The trial court denied the motion as to that issue.
In a recent decision, the Fourth District Court of Appeal analyzed the language of section 775.084, Florida Statutes (1999), and held that a trial court cannot sentence a defendant as both a habitual felony offender and a violent career criminal for the same offense. Oberst v. State, 796 So.2d 1263, 1265 (Fla. 4th DCA 2001). We agree with the rationale of Oberst and conclude that Works's sentence for the shooting must be reversed.[1] On remand, the trial court may only sentence Works either as a habitual felony offender or as a violent career criminal.
Accordingly, we affirm Works' conviction and sentence for battery, we affirm his conviction for shooting at, within, or into an occupied vehicle, and we reverse his sentence for the shooting. We remand for resentencing consistent with this opinion.
Affirmed in part and reversed in part.
FULMER and SALCINES, JJ., concur.
NOTES
[1] We recognize that the trial court did not have the benefit of Oberst when the sentence was imposed or when the motion to correct sentencing errors was decided. We also note that in two cases decided prior to Oberst, the courts upheld sentences that were imposed under both the habitual felony offender statute and the violent career criminal statute. See Iman v. State, 784 So.2d 1265 (Fla. 1st DCA 2001) (involving a double jeopardy analysis); Dennis v. State, 784 So.2d 551 (Fla. 4th DCA 2001) (involving an analysis under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Because Iman and Dennis were not decided on the issue addressed in Oberst, on which our decision is based, we decline to certify conflict with those cases.