845 So.2d 295 (2003)
Ronald DENYER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2401.
District Court of Appeal of Florida, Fifth District.
May 16, 2003.
James B. Gibson, Public Defender, and Jane C. Almy-Loewinger, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Ronald Denyer appeals his sentence on the ground that the trial court erred by applying three habitual offender designations to him. We affirm.
After being found guilty by a jury of robbing a tavern with a weapon, Denyer decided that he wanted to enter a plea to the pending charges of a robbery of a convenience store and escape. At the plea hearing, the trial court adjudicated Denyer guilty in the convenience store case and designated him a three-time violent felony offender,[1] a habitual violent felony offender (HVFO),[2] and a prison releasee reoffender (PRR),[3] as was agreed to in the plea agreement. Denyer was given a mandatory *296 30-year sentence for the convenience store robbery. Denyer was also sentenced to 30 years as a habitual offender for the escape conviction. The sentences for the tavern robbery, the convenience store robbery, and the escape were to run concurrent.
Subsequently, Denyer filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) and contended that under Oberst v. State, 796 So.2d 1263 (Fla. 4th DCA 2001), he could not be designated an HVFO and a three-time violent felony offender. Oberst held that section 775.084(4) "reflects a legislative intent to require the court to designate a defendant as either a [habitual felony offender] or a three-time violent felony offender or a [violent career criminal], but not any combination." Id. at 1265. While the trial court removed the three-time violent felony offender designation for the tavern robbery of which Denyer was found guilty by a jury, it declined to remove one of the designations in connection with the convenience store case because the designations were the result of a negotiated plea, and both sides received the benefit of the bargain.
On appeal, Denyer contends that the trial court erred by allowing him to enter a plea agreement pursuant to which he was classified as a PRR, an HVFO, and a three-time violent felony offender. He contends that classification as an HVFO and a three-time violent felony offender violates the proscription against double jeopardy. Although Oberst held that designating a defendant a habitual felony offender and a three-time violent felony offender is not proper, Denyer waived any double jeopardy challenge by agreeing to the designations. See Lewis v. State, 827 So.2d 1052 (Fla. 5th DCA 2002)(citing Melvin v. State, 645 So.2d 448 (Fla.1994) and Novaton v. State, 634 So.2d 607 (Fla. 1994)). Indeed, Denyer stated that he had no objection to the designations. As a result of the plea bargain, Denyer received concurrent sentences for all charges. Denyer cannot now contend that the sentence is a double jeopardy violation.
Further, Denyer received a minimum mandatory sentence that ran concurrent for both cases. There is no double jeopardy violation when the sentences are to run concurrent. See Iman v. State, 784 So.2d 1265 (Fla. 1st DCA 2001)(appellant who was sentenced under the habitual felony offender statute and the violent career criminal statute has shown no double jeopardy violation because he will serve only one sentence with a minimum mandatory term); compare Grant v. State, 770 So.2d 655 (Fla.2000)(concurrent 15-year sentence as a PRR and a habitual felony offender did not violate double jeopardy, but violated the prison releasee reoffender statute where an applicable longer concurrent term should have been imposed).
AFFIRMED.
PETERSON and SAWAYA, JJ., concur.
NOTES
[1] § 775.084(1)(c)1., Fla. Stat.
[2] § 775.084(1)(b)1., Fla. Stat.
[3] § 775.082(9)(a)1., Fla. Stat.