881 So.2d 721 (2004)
Michael Ray CLINES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-4823.
District Court of Appeal of Florida, First District.
September 15, 2004.
*722 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Trish Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
Does section 775.084, Florida Statutes (2002), authorize the trial court to sentence a criminal defendant as both a violent career criminal and a habitual felony offender on one count of resisting arrest with violence? We find that such a sentence violates neither double jeopardy protections nor legislative intent. We certify conflict to the Florida Supreme Court.
In the judgment and sentence entered below, the circuit court designated appellant Michael Ray Clines as a habitual felony offender and a violent career criminal. Accordingly, appellant received a ten-year habitual offender term with a violent career criminal minimum mandatory of ten years. On appeal, Clines argues that his sentence is illegal as contrary to legislative intent. He relies upon the reasoning of the Fourth District Court of Appeal in Oberst v. State, 796 So.2d 1263 (Fla. 4th DCA 2001). The Second District followed Oberst in Works v. State, 814 So.2d 1198 (Fla. 2d DCA 2002).
In response, the State relies upon our decision in Iman v. State, 784 So.2d 1265 (Fla. 1st DCA 2001), holding in a similar situation that no double jeopardy violation is shown because the resulting sentence is only one sentence with a minimum mandatory term. Appellant counters that Iman does not control because Iman only looked at double jeopardy and not legislative intent.
The Oberst court, relying upon its view of legislative intent, concluded that a dual designation as a habitual offender and violent career criminal "is not proper." 796 So.2d at 1264. The court did not, however, completely eschew the language of double jeopardy. In fact, the court considered Grant v. State, 770 So.2d 655 (Fla.2000), which in turn borrowed from Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), to observe, "one function of the double jeopardy clause is to protect against multiple punishments for the same offense, so as `to ensure that the sentencing discretion of the courts is confined to the limits established by the legislature.'" 796 So.2d at 1264 (quoting Johnson, 467 U.S. at 499, 104 S.Ct. 2536).
Oberst then examined section 775.084(4)(f), which directs: "At any time when it appears to the court that the defendant is eligible for sentencing under this section, the court shall make that determination as provided in paragraph (3)(a)[habitual felony offender], paragraph (3)(b)[three-time violent felony offender], or (3)(c)[violent career criminal]." According to the Oberst court, the Legislature's use of the disjunctive "or" "reflects a legislative intent to require the court to designate a defendant as either a HFO or a three-time violent felony offender or a VCC, but not any combination." Id. at 1265; cf. Rivera v. State, 837 So.2d 569 (Fla. 4th DCA 2003) (following Oberst and holding a defendant could not be designated both as a habitual felony offender and as a three-time violent felony offender). We respectfully disagree with this analysis.
*723 We have previously held in Iman that a sentence identical to appellant's shows no double jeopardy violation. Appellant's argument in the present case implies that Iman is not controlling because Oberst relied strictly upon statutory interpretation, while Iman only considered double jeopardy. The plain language of Oberst does not support this argument because the Oberst court acknowledged that its exercise in statutory interpretation was a function of the double jeopardy clause. Moreover, and going a step beyond the straight double jeopardy holding of Iman, we conclude that the statute itself does not support the result reached in Oberst and followed in Works.
We would readily note that, in Florida law, use of the word "or" generally connotes "a disjunctive particle that marks an alternative...." Pompano Horse Club v. State, 93 Fla. 415, 111 So. 801, 805 (1927). Nevertheless, the question of legislative intent must be plumbed in order for a court to make an appropriate determination of whether use of the word "or" connotes only the disjunctive. As the Florida Supreme Court has observed:
There are, of course, familiar instances in which the conjunction `or' is held equivalent in meaning to the copulative conjunction `and,' and such meaning is often given the word `or' in order to effectuate the intention ... of the Legislature in enacting a statute, when it is clear that the word `or' is used in a copulative, and not in a disjunctive, sense.
Id. Accordingly, a connecting "or" should be read in the conjunctive sense if such is called for to insure that "the act is given its clear and obvious meaning." Pinellas County v. Woolley, 189 So.2d 217, 219 (Fla. 2d DCA 1966). This court has acknowledged that the term `or' would generally be construed as being disjunctive and thereby indicating alternatives, but recognizes that "the case law also indicates that there are instances in which the conjunctive "or" is held equivalent to the copulative conjunction `and,' and such meaning is often given in order to effectuate the legislative intent in enacting a statute." Suddath Van Lines, Inc. v. State, Dep't of Envtl. Prot., 668 So.2d 209, 212 (Fla. 1st DCA 1996). We must, therefore, properly determine legislative intent by analyzing the entire statute and not focus entirely upon the Legislature's choice of a particular conjunction in one subsection.
Here the Legislature had little choice but to use the disjunctive. Had the Legislature used the conjunctive "and," the statute would have been hopelessly confusing and would have suggested that the trial court must make all three sentencing determinations, a situation that would be impossible on the facts of many cases. Looking at section 775.084(4)(f), we read the word "or" in light of the Legislature's previous directive to the trial court to "make that determination." The phrase "make that determination" refers to a sentence under section 775.084 ("this section")  a sentence that may be affected by any of the enhancement provisions referenced in section 775.084(4)(f). Of course, in the present case, the trial court did as the statute directs and made the sentencing determination as provided in paragraph (3)(a) (habitual felony offender) and paragraph (3)(c) (violent career criminal).
Notably, section 775.084(3), in mandatory language, directs that the trial court "shall determine" whether a defendant fits into any of the special sentencing categories provided by the statute. Under subsection (3)(a), the trial court "shall determine if the defendant is a habitual felony offender or a habitual violent felony offender;" Under subsection (3)(b), the trial court "shall determine if the defendant is a *724 three-time violent career criminal;" and under subsection (e)(c), the trial court "shall determine whether the defendant is a violent career criminal...." Thus, in three places, section 775.084(3) directs the trial court to conduct a separate proceeding, but does not limit the trial court to only one determination. Subsection (4)(f) of the statute, construed in Oberst, merely reiterates the requirements of subsections (3)(a), (b), and (c), each of which directs the court to conduct separate proceedings and to make "findings required as the basis for such sentence." § 775.084(3)(a)4., (b)4., (c)3., Fla. Stat. (2002).
Finally, election of only one of the sentencing alternatives contravenes the actual provisions of section 775.084(4). In the case of a habitual offender, including a habitual violent offender, the court retains discretion as to whether to impose the sentences called for in the subsection. See § 775.084(4)(a), Fla. Stat. (2002) ("The court ... may sentence the habitual felony offender as follows...."); § 775.084(4)(b), Fla. Stat. (2002) ("The court ... may sentence the habitual violent felony offender as follows...."). As to sentencing for three-time violent felony offenders and violent career criminals, however, the statute speaks in mandatory terms. See § 775.084(4)(c)1., Fla. Stat. (2002) ("The court ... must sentence the three-time violent felony offender to a mandatory minimum term of imprisonment as follows...."); § 775.084(4)(d), Fla. Stat. (2002) ("The court ... shall sentence the violent career criminal as follows...."). Thus, at least two prongs of the statutory sentencing scheme are mandatory provided a defendant qualifies under one or both of these prongs. This further militates against a construction that would require the trial court to elect no more than one sentencing designation under the statute.
In our view, the entire statutory scheme of section 775.084 readily contemplates, in the case of a single criminal charge, a sentence under the habitual felony offender provision, with the mandatory minimum term provisions provided for by the violent career criminal designation. Accordingly, we AFFIRM the judgment and sentence on appeal and CERTIFY direct conflict with Oberst and Works.
WOLF, C.J., and LEWIS, J., concur.