PER CURIAM.
Anderson, sentenced as a habitual offender and a prison releasee reoffender, claims that he had inadequate notice of the state’s intent to seek a habitual offender sentence. He also asserts the unconstitutionality of the Prison Releasee Reoffender Act and the habitual offender statute. We affirm.
Anderson was convicted of escape, battery on a law enforcement officer, resisting arrest with violence, and petit theft. Shortly after charges were filed, the state filed a notice of intent, pursuant to section 775.084, Florida Statutes, seeking to declare Anderson a habitual offender. The notice advised him that the state was seeking designation as a habitual felony offender, a habitual violent felony offender, a three-time violent felony offender, and/or a violent career criminal. Anderson claims the notice of intent was too general.
This court has recently determined, on rehearing, that this type of “shotgun” notice is valid. Washington v. State, 895 So.2d 1141 (Fla. 4th DCA 2005).
Anderson was notified almost a full year before trial that the state would be seeking to declare him a habitual offender. The language of the notice sent by the state put Anderson on guard as to the potential sentencing against him. Specifically, the notice indicated it was supported by the previous convictions of the defendant “of any combination of two (2) or more felonies ..., and the sentence for which the defendant is to be sentenced was committed within five years of the date of the conviction of the defendant’s last conviction .... ” He knew he had been released from prison less than one year before he engaged in the new crimes charged against him. He also knew the nature of the pending charges. Accordingly, the notice was adequate.
As to the constitutional issues raised, relying on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), similar arguments have already been rejected. See McDowell v. State, 789 So.2d 956 (Fla.2001); Sheffield v. State, 794 So.2d 592 (Fla.2001); Parker v. State, 790 So.2d 1033 (Fla.2001); Dennis v. State, 784 So.2d 551 (Fla. 4th DCA 2001); Gordon v. State, 787 So.2d 892 (Fla. 4th DCA 2001); Kijewski v. State, 773 So.2d 124 (Fla. 4th DCA 2000); Fyler v. State, 852 So.2d 442 (Fla. 5th DCA 2003).
Therefore, the order is affirmed.
GUNTHER, STONE and TAYLOR, JJ., concur.