2007 ME 80

**Shaun P. LIBBY**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued: May 22, 2007.

Decided: July 5, 2007.

Stuart Tisdale, Esq. (orally), Tisdale & Davis, P.A., Portland, for plaintiff.

G. Steven Rowe, Attorney General, Donald W. Macomber, Asst. Atty. Gen. (orally), Augusta, for State.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, SILVER, and MEAD, JJ.

MEAD, J.

[¶ 1] This case raises the constitutionality of the State's murder sentencing procedures in light of the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny,[1] and our decision in *State v. Schofield*, 2005 ME 82, 895 A.2d 927. Libby appeals a judgment of the Superior Court (Cumberland County, *Wheeler, J.*) summarily dismissing his petition for post-conviction review. Libby argues that the trial court failed to apply the holdings of *Apprendi* and *Schofield*, which recognize the existence of a Sixth Amendment right to have a jury determine, beyond a reasonable doubt, any fact that increases the penalty for a crime beyond the prescribed statutory maximum.[2] We conclude that the hold-

---

1. *See also United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *Ring v.* *Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

2. Libby also makes a procedural argument, contending that the trial court erred in sum-

ings of *Apprendi* and *Schofield* do not apply to the current murder sentencing statutes and therefore affirm the judgment of the trial court dismissing his petition.

## I. BACKGROUND

[¶ 2] In April 1998, Libby fatally shot Paul Batchelder while robbing a gas station in Gorham. Libby pleaded guilty to one count of murder,[3] 17–A M.R.S.A. § 201(1)(A) (1983).[4] Pursuant to 17–A M.R.S.A. § 1251 (Supp.1999), a person convicted of murder may be sentenced

anywhere from a minimum of twenty-five years to a maximum of life in prison.[5]

[¶ 3] At the conclusion of the sentencing hearing, the trial court employed the sentencing analysis established in *State v. Hewey*, 622 A.2d 1151 (Me.1993), codified at 17–A M.R.S. § 1252–C (2006), and ordered that Libby be imprisoned for a period of forty years.[6] In setting Libby's sentence, the court made several findings of fact regarding the seriousness of the offense, and aggravating and mitigating factors.[7]

marily dismissing his petition. Pursuant to M.R.Crim. P. 70(b), a petition for post-conviction review may be summarily dismissed without a hearing:

> [i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petition fails to show subject matter jurisdiction or to state a ground upon which post-conviction relief can be granted, the assigned justice shall enter an order for the summary dismissal of the petition, stating the reasons for the dismissal. The assigned justice shall cause the petitioner to be notified of the dismissal and the reasons for it.

Accordingly, summary dismissal is appropriate where the petition affirmatively discloses grounds for the dismissal. *See Diep v. State*, 2000 ME 53, ¶ 6, 748 A.2d 974, 976.

We have held that trial courts should use caution when summarily dismissing petitions for post-conviction review without appointing counsel. *McEachern v. State*, 676 A.2d 488, 489 n. 3 (Me.1996). Unless the decision to summarily dismiss is absolutely clear, courts are advised to appoint counsel and permit a response by the State to ensure adequate development of the basis for the petition prior to dismissal. *Id.* at 490 n. 3. In addition, we have held that pro se petitions for post-conviction review should be given a liberal interpretation. *Smith v. State*, 479 A.2d 1309, 1311 (Me.1984).

We conclude, however, that the trial court did not err because the decision to dismiss Libby's petition was clear for the reasons noted in this opinion.

3. Libby also pleaded guilty to one count of robbery with a dangerous weapon (Class A) pursuant to 17–A M.R.S.A. § 651(1)(D)

(1983). Libby's robbery sentence runs concurrent to his murder sentence. Libby does not appeal his robbery sentence and we do not address it further in this opinion.

4. Title 17–A M.R.S.A. § 201(1)(A) (1983) provides:

> 1. A person is guilty of murder if:
> 'A. He intentionally or knowingly causes the death of another human being;
> . . . .

Title 17–A M.R.S.A. § 201 has since been amended on several occasions, most recently in 2001. P.L.2001, ch. 383, § 8 (effective Jan. 31, 2003) (codified at 17–A M.R.S. § 201 (2006)).

5. Title 17–A M.R.S.A. § 1251 (Supp.1999) provides:

> A person convicted of the crime of murder shall be sentenced to imprisonment for life or for any term of years that is not less than 25. The sentence of the court shall specify the length of the sentence to be served and shall commit the person to the Department of Corrections.

Title 17–A M.R.S.A. § 1251 has since been amended. P.L.2005, ch. 88, § B–1 (effective Sept. 17, 2005) (codified at 17–A M.R.S. § 1251 (2006)).

6. As probation is not available in murder cases, the third step of the analysis is not undertaken. *See* 17–A M.R.S. § 1201(1)(A) (2006).

7. For instance, the trial court set Libby's basic sentence at forty-five to fifty years, given the risk created by Libby's use of a loaded

[¶ 4] Libby filed, pro se, a petition for post-conviction review pursuant to 15 M.R.S. § 2131(1) (2006) and M.R.App. P. 19, on the grounds that Maine's murder sentencing statute, 17-A M.R.S.A. § 1251, and the *Hewey* sentencing procedure, 17-A M.R.S. § 1252-C, violate his Sixth Amendment right to have a jury determine, beyond a reasonable doubt, any facts that may increase his sentence of imprisonment beyond the statutory maximum as found in *Apprendi* and its progeny, and in *Schofield*.

[¶ 5] The trial court summarily dismissed Libby's petition for post-conviction review and his subsequent motion for reconsideration. This appeal followed.[8]

## II. DISCUSSION

[¶ 6] The Sixth Amendment of the United States Constitution guarantees all criminal defendants the right to a speedy and public trial by an impartial jury. U.S. CONST. amend. VI. In *Apprendi*, the United States Supreme Court held that the Constitution guarantees an accused the right to have "any fact [other than that of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum ... submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. The Supreme Court noted, however, that "nothing ... suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute."[9] *Id.* at 481, 120 S.Ct. 2348 (emphasis in the original).

[¶ 7] In *State v. Schofield*, 2005 ME 82, 895 A.2d 927, we considered the effect of the Supreme Court's decisions in *Apprendi* and its progeny on the State's since-repealed, two-tier sentencing statute, 17-A M.R.S.A. § 1252(2)(A) (Supp.2001).[10] Schofield, convicted of the Class A crime of manslaughter, was sentenced to twenty-eight years in prison upon a finding by the court by a preponderance of the evidence that her actions were of the most heinous and violent crimes against a person. *Schofield*, 2005 ME 82, ¶¶ 5-9, 895 A.2d at 929-30. In vacating Schofield's sentence, we held that the Sixth Amendment encompasses a right to have a "fact-finder of her

gun and the premeditated nature of the robbery. In addition, the court made findings of fact regarding the impact on the victim, Libby's motivation of pecuniary gain, and the solicitation of the aid of another in committing the crime.

8. Libby was represented by counsel throughout this appeal.

9. Similarly, in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range," noting that "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id.* at 233, 125 S.Ct. 738. (citations omitted).

10. The former 17-A M.R.S.A. § 1252(2)(A) (Supp.2001) provided:

> The Court shall set the term of imprisonment as follows:
> In the case of a Class A crime, the court shall set a definite period not to exceed 40 years. The court may consider a serious criminal history of the defendant and impose a maximum period of incarceration in excess of 20 years based on either the nature and seriousness of the crime alone or on the nature and seriousness of the crime coupled with the serious criminal history of the defendant.

This section was amended pursuant to P.L. 2003, ch. 657, § 10 (effective July 30, 2004) (codified at 17-A M.R.S. § 1252(2)(A) (2006)) to read "[i]n the case of a Class A crime, the court shall set a definite period not to exceed 30 years."

choice, judge or jury, determine [] beyond a reasonable doubt" any specific finding of fact that would result in a sentence enhancement *into a new statutory range. Id.* ¶¶ 20–21, 895 A.2d at 933.

[¶ 8] In *State v. Miller,* 2005 ME 84, ¶ 1, 875 A.2d 694, 695, we affirmed a sentence for illegal importation of scheduled drugs against a similar *Apprendi* challenge. Miller, convicted of importing heroin into the state, was sentenced to four years in prison, one year less than the statutory maximum of five years. *Id.* ¶¶ 8–9, 13, 875 A.2d at 696–97. Miller challenged the sentence, arguing that pursuant to *Apprendi* and its progeny, a jury must find any facts used by the court in setting his sentence. *Id.* ¶ 10, 875 A.2d at 696. We affirmed the sentence, concluding that *Apprendi* applied only to those facts used to increase "the penalty for a crime *beyond the prescribed statutory maximum*" for the offense charged. *Id.* ¶ 12, 875 A.2d at 696 (quotation marks omitted) (emphasis in original). We found that because Miller's sentence was less than the statutory maximum, *Apprendi* was not implicated and his Sixth Amendment rights had not been violated.[11] *Id.* ¶¶ 13–14, 875 A.2d at 697. In doing so, we concluded that "Miller had no legal right to a sentence of less than [the prescribed statutory maximum]." *Id.* ¶ 14, 875 A.2d at 697.

[¶ 9] Libby contends that 17–A M.R.S. § 1251 creates a statutory minimum sentence of twenty-five years for murder and that the *Apprendi* and *Schofield* decisions should be read as recognizing a constitutional right to have a jury find, beyond a reasonable doubt, any fact that would warrant sentencing an individual, who has pleaded guilty to or been found guilty of murder beyond the statutory minimum of twenty-five years.

[¶ 10] Libby misapprehends both *Apprendi* and *Schofield* in his attempt to apply their holdings to Maine's current murder sentencing scheme. Both cases recognize the constitutional right of a criminal defendant to have a jury find, beyond a reasonable doubt, any facts that have the effect of increasing the sentence *beyond a statutory maximum.* Unlike *Apprendi* and *Schofield,* the factual findings made by the court in the case at hand did not have the effect of increasing Libby's sentence beyond the maximum statutory sentence of life imprisonment for murder. Rather, the court, employing these factual findings, arrived at a sentence of forty years, well within the statutory sentencing range. As we noted in *Miller,* the holdings of *Apprendi* and *Schofield* do not apply when, as here, the court makes findings of fact and invokes its discretion in sentencing a criminal defendant within the prescribed statutory range.[12]

[¶ 11] Libby's contention that, by virtue of his plea agreement, he is entitled to a presumptive or benchmark sentence of the statutory minimum of twenty-five years is likewise unavailing. As we noted

11. *See also State v. Cain,* 2006 ME 1, ¶ 12, 888 A.2d 276, 279 ("[U]tilizing judicial fact-finding to support exercise of sentencing discretion, may continue without offense to the Sixth Amendment for all sentencings other than those where the fact-finding triggers an enhancement in … the maximum sentence … imposed.") (citation omitted).

12. Several other state courts have concluded that the Sixth Amendment right established in *Apprendi* does not apply to sentences within the statutory maximums. *See, e.g., Janssen v. State,* 2005 WY 123, ¶ 21, 120 P.3d 1006, 1011–12 (Wyo.2005); *State v. Desmond,* 2005 WL 1653983, at *1, 2005 Del.Super. LEXIS 178, at *5 (May 13, 2005); *State v. Beasley,* 274 Kan. 718, 56 P.3d 803, 807 (2002); *King v. State,* 649 N.W.2d 149, 159 (Minn.2002); *Kijewski v. State,* 773 So.2d 124, 125 (Fla.Dist. Ct.App.2000).

in *Miller*, a criminal defendant has no right, constitutional or otherwise, to a sentence less than the prescribed statutory maximum. *Miller*, 2005 ME 84, ¶ 14, 875 A.2d at 697. Maine law prescribes a single, finite range of sentences in murder cases, within which a court may impose an appropriate sentence without making any additional specific factual findings. In this way, the State's current murder sentencing structure is fundamentally different than the two-tier sentencing structure deemed unconstitutional in *Schofield*.

[¶ 12] Accordingly, because *Apprendi* and *Schofield* do not apply to Libby's sentence, his petition for post-conviction review fails to state a claim upon which relief may be granted and was properly summarily dismissed.

The entry is:

Judgment affirmed.