964 So.2d 855 (2007)
Leroy JONES, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D06-4616.
District Court of Appeal of Florida, Second District.
September 19, 2007.
Leroy Jones, pro se.
Bill McCollum, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Respondent.
*856 SILBERMAN, Judge.
Leroy Jones, in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), raises several claims of ineffective assistance of appellate counsel. We grant the petition as it relates to one of the claims, and we deny the remaining claims without discussion.
Jones was convicted, after jury trial, of second-degree murder. The trial court imposed a sentence of life imprisonment both as a violent career criminal and as a habitual felony offender. The conviction and sentence were affirmed on direct appeal. Jones v. State, 910 So.2d 267 (Fla. 2d DCA 2005) (table decision). Jones contends, and we agree, that appellate counsel was ineffective in failing to raise the issue on direct appeal that the trial court improperly sentenced him as both a habitual felony offender and a violent career criminal.
In support of his claim, Jones relies on Clines v. State, 912 So.2d 550 (Fla.2005). Clines was sentenced as a habitual felony offender and a violent career criminal for the offense of resisting arrest with violence. Id. at 554. Clines' appellate attorney filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct a sentencing error, arguing that he could not be designated as both a habitual felony offender and a violent career criminal. Id. The trial court denied the motion, and the First District affirmed the sentence, concluding that "such a sentence violates neither double jeopardy protections nor legislative intent." Clines v. State, 881 So.2d 721, 722 (Fla. 1st DCA 2004). The supreme court disagreed with the First District's conclusion and remanded for resentencing, holding that only one recidivist category in section 775.084, Florida Statutes (2002),[1] may be applied to any given criminal sentence. Clines, 912 So.2d at 560. The supreme court noted that "the original sentence given to Clines for resisting arresta ten-year term of imprisonment with a ten-year mandatory minimumwould be authorized on remand by the violent career criminal category alone." Id.
The supreme court's decision in Clines issued during the pendency of the direct appeal in this case. The supreme court granted review in Clines based on the First District's certification of conflict with this court's holding in Works v. State, 814 So.2d 1198 (Fla. 2d DCA 2002), and the Fourth District's holding in Oberst v. State, 796 So.2d 1263 (Fla. 4th DCA 2001). The opinion in Works issued prior to the conviction in the present case and was available to appellate counsel. Works was sentenced as both a habitual felony offender and a violent career criminal for the offense of shooting at, within, or into an occupied vehicle. 814 So.2d at 1199. We reversed Works' sentence and instructed the trial court that, on remand, it could only sentence Works as a habitual felony offender or a violent career criminal. Id. Works' appellate attorney preserved this issue for appeal by filing a rule 3.800(b)(2) motion in the trial court. Id.
In the present case, had appellate counsel properly filed a rule 3.800(b)(2) motion in the trial court alleging that Jones was improperly sentenced as both a habitual offender and a violent career criminal, and had the trial court erroneously denied the motion, we would have been compelled to reverse Jones's sentence. Appellate counsel's failure to preserve this sentencing error for appellate review by way of a rule 3.800(b)(2) motion constitutes ineffective *857 assistance of counsel. See Gisi v. State, 848 So.2d 1278, 1282 (Fla. 2d DCA 2003).
Accordingly, we grant the petition solely as it relates to this claim. Because a new appeal would be redundant, we reverse Jones's sentence and remand with directions to the trial court to resentence Jones in accordance with this opinion. See Hakkenberg v. State, 889 So.2d 935, 937 (Fla. 2d DCA 2004).
The petition is denied in part and granted in part.
KELLY and VILLANTI, JJ., Concur.
NOTES
[1] Jones was sentenced pursuant to section 775.084, Florida Statutes (2001). However, the year of the statute does not impact our decision in this case.