STATE OF MAINE                                    UNIFIED CRIMINAL DOCKET
PISCATAQUIS, ss.                                  DKT. NO. PISCD-CR-2020-0361

MICHAEL THOMPSON,                      )
                                       )
        Petitioner,                    )
                                       )
v.                                     )      **ORDER DISMISSING PETITION**
                                       )      **FOR POST-CONVICTION REVIEW**
STATE OF MAINE,                        )
                                       )
        Respondent.                    )

On October 20, 2020, Petitioner Michael Thompson filed a petition for post-conviction review pursuant to 15 M.R.S. §§ 2121-2132 (2020). His challenge stems from the criminal judgment entered in the criminal docket (Piscataquis County, *Kravchuck, J.*) on March 5, 1998. (DOVSC-CR-1998-0003.) Petitioner was convicted of robbery (Class A), 17-A M.R.S. § 651 (1998), aggravated assault (Class B), 17-A M.R.S. § 208 (1998), and violation of condition of release (Class C), 15 M.R.S. § 1092 (1998). The court sentenced Petitioner to forty years in prison on the robbery offense, ten years on the aggravated assault offense, and five years on the violation of condition of release offense. The court ordered that the sentences on the Class A and Class B offenses be served concurrently and ordered that the sentence on the Class C offense be served consecutive to the other two.

## ANALYSIS

To warrant assignment, Petitioner must be under a present or future impediment, file his petition within the statutory filing period, and state at least one cognizable ground for post-conviction review that has not been waived. M.R.U. Crim. P. 66.

1. Impediment

A petition for post-conviction review is cognizable only when the Petitioner is under a restraint or impediment within the meaning of the statute because of the underlying criminal judgment. *Id.* § 2124. Petitioner is currently imprisoned as a result of the criminal judgment, a restraint that is

1

recognized by the statute. *See id.* § 2124(1)(A).

2. Time

A one-year filing deadline applies to actions for post-conviction review. 15 M.R.S. § 2128-B. The one-year period begins to run from the "date of final disposition of the direct appeal from the underlying criminal judgment or the expiration of the time for seeking the appeal" or "[t]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2128-B(1)(A), (C). Mr. Thompson filed this petition more than 22 years after his judgment of conviction, well after the time contemplated by the legislature. It is not timely.

3. Grounds for Relief

A person seeking post-conviction review is required by statute to raise all possible grounds for relief in a single action. *See* 15 M.R.S. § 2128(3)[1]; *McEachern v. State*, 676 A.2d 488, 489 (Me. 1996). Any errors not raised in a prior, properly filed petition are deemed waived unless to do so would be unconstitutional or "the court determines that the ground could not reasonably have been raised in an earlier action." *McEachern*, 676 A.2d at 489.

Mr. Thompson states the following grounds for relief in his petition:

- "Jurisdictional Claim – Petitioner has been convicted on charge other than one returned by the grand jury."
- "The court's consecutive sentence on top of maxing out the petitioner's other convictions is cruel & unusual punishment."
- "Double Jeopardy"

---

[1] The relevant portion of the statute reads:

> **3. Waiver of grounds not raised in prior post-conviction review action.** All grounds for relief from a criminal judgment or from a post-sentencing proceeding must be raised in a single post-conviction review action and any grounds not so raised are waived unless the Constitution of Maine or the Constitution of the United States otherwise requires or unless the court determines that the ground could not reasonably have been raised in an earlier action.

15 M.R.S. § 2128(3) (emphasis in original).

2

- "Rule of Lenity claim . . . Petitioner's good Time Credits Earned while in custody awaiting trial in the county jail should under the rule of Lenity be credited to both the primary as well as the consecutive secondary conviction. . ."[2]

(Pet. 6.) Mr. Thompson has already petitioned for post-conviction three different times in the respective dockets SOMCD-CR-2000-3, PISCD-CR-2015-0023, and PISCD-CR-2017-0326. In addition, after his conviction, Mr. Thompson also filed an application to appeal his sentence to the Law Court, which was denied on June 17, 1999. Mr. Thompson asserts several reasons[3] why he did not raise the same errors for relief in his application to appeal or three previous petitions. However, after reviewing Mr. Thompson's claims and his stated reasons for not raising these claims previously, it is clear that Mr. Thompson has not stated any grounds for relief in this new petition that could not have been raised in any of his previous petitions for post-conviction review. It is also clear that treating the grounds Mr. Thompson has raised in his petition as waived is not unconstitutional. Accordingly, the court concludes that Mr. Thompson has failed to state any grounds upon which post-conviction relief may be granted that have not been waived.

## CONCLUSION

It plainly appears on the face of the petition that the petition is untimely and fails to state any

---

[2] A post-conviction review action is generally the proper vehicle for challenging the award of presentence detention credit. *See generally, State v. Crawford*, 2002 ME 113, ¶ 7, 801 A.2d 2002. However, where a petitioner files multiple petitions and failed to raise issues relating to the trial courts award of presentence detention credits in the first petition, the issue is generally treated as waived. *See e.g. Schmidt v. State*, No. AP-02-0112, 2003 Me. Super. LEXIS 75, at *3 (April 30, 2003).

[3] Mr. Thompson stated the following reasons for not raising the previously noted grounds for relief in his earlier petitions:

- "Ineffective assistance of counsel on appeal"
- "Issues were not known or understood by me"
- "I am legally blind and unskilled in the law and uneducated"
- "I was just informed that jurisdictional issues may be presented at any time"
- "I was just notified that my jail credits were not being applied to my pending consecutive sentence"
- "I do not start serving my consecutive sentence until sometime in 2021"

(Pet. 7.)

3

cognizable ground for post-conviction relief that has not been waived; therefore, the petition is summarily dismissed. M.R.U. Crim. P. 70(b).

Entry:

> Mr. Michael Thompson's Petition for Post-Conviction Review is DISMISSED.

Dated: _12/22/22_

Hon. William R. Anderson
Justice, Maine Superior Court

4