784 So.2d 1246 (2001)
Graddy ROBBINSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-3589.
District Court of Appeal of Florida, Third District.
May 16, 2001.
Graddy Robbinson, in proper person.
*1247 Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before JORGENSON, COPE and FLETCHER, JJ.
COPE, J.
Graddy Robbinson appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a). We affirm.
Defendant-appellant Robinson was convicted of burglary of an unoccupied dwelling and sentenced to thirty years incarceration as a habitual offender.[1] In his Rule 3.800(a) motion, he contends that his habitual offender sentence must be vacated on account of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He argues that under Apprendi, the jury (rather than the judge) must decide whether he qualifies as a habitual offender.
The jury trial requirement of Apprendi does not apply to the Florida habitual offender statute. That is so because the factual findings which the sentencing judge must make are determinations regarding the defendant's prior felony convictions. § 775.084(1)(a), Fla. Stat. (1993).[2] Under Apprendi, those findings can be made by the judge and need not be made by the jury. 530 U.S. at 490, 120 S.Ct. 2348; see Simmons v. State, 782 So.2d 1000 (Fla. 4th DCA 2001); Wright v. State, 780 So.2d 216 (Fla. 5th DCA 2001).
The habitual offender statute allows the trial court the discretion to impose an ordinary, non-habitual offender sentence "[i]f the court decides that imposition of sentence under this section [the habitual offender statute] is not necessary for the protection of the public ...." § 775.084(4)(c), Fla. Stat. (1993). Defendant argues that under Apprendi this is a factual question for the jury. That is not so.
Under Apprendi, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. The question whether a habitual offender sentence is necessary for the protection of the public is a discretionary sentencing judgment, not an adjudicatory fact within the meaning of Apprendi. But if it is a fact for Apprendi purposes, Apprendi still does not apply. That is so because Apprendi is triggered by a "fact that increases the penalty for a crime beyond the prescribed statutory maximum...." Id. (emphasis added). The trial court's option under subsection 775.084(4)(c) to impose a non-habitual offender sentence is an option to stay within the ordinary statutory maximum, not to increase it.
Affirmed.[3]
NOTES
[1] The crime date was September 9, 1994.
[2] In substance the court must find that the defendant has two or more qualifying convictions which have not been pardoned or set aside, and that the date of at least one conviction falls within a statutory time window. Id.
[3] For present purposes, we leave open the question whether Apprendi is retroactive and assume, for purposes of this discussion, that there is no procedural barrier to defendant's claim.