PER CURIAM.
James Ashley appeals an order denying his motion to correct illegal sentence. We affirm.
We conclude that defendant-appellant Ashley qualifies as a habitual offender under the version of the statute in effect on the date of his crime, October 22, 1992. See § 775.084, Fla. Stat. (1991). For that version of the habitual offender statute, there was no sequential conviction requirement. State v. Barnes, 595 So.2d 22 (Fla.1992).
Defendant argues that the habitual offender findings had to be made by the jury on account of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). For present purposes we need not address the defendant’s claim that Apprendi is retroactive. Assuming for purposes of discussion that it is retroactive, the Apprendi decision does not apply to the adjudication of a defendant as a habitual offender under the Florida habitual offender statute. Saldo v. State, 789 So.2d 1150 (Fla. 3d DCA 2001); Robbinson v. State, 784 So.2d 1246 (Fla. 3d DCA 2001).
Affirmed.