PER CURIAM.
Appellant challenges the trial court’s order summarily denying his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800.[1]
*676 Because the trial court failed to attach portions of the record to conclusively refute Appellant’s claim that the sentence contained in the written judgment is inconsistent with the orally pronounced sentence, we reverse.
Appellant alleges that the sentence pronounced in open court was a 5-year term of imprisonment to be followed by a 5-year term of probation. The sentence recorded in the written judgement is a 15-year term of imprisonment with credit for time served, followed by a 5-year term of probation. Such an allegation is a facially sufficient claim cognizable in a motion filed pursuant to rule 3.800. See Ashley v. State, 850 So.2d 1265 (Fla.2003); Greene v. State, 853 So.2d 1114 (Fla. 1st DCA 2003). Because the trial court failed to attach any portion of the record to refute this claim, the trial court’s summary denial is reversed and remanded for attachment of the record portions to conclusively refute Appellant’s claim or Appellant’s sentence must be corrected to reflect the orally pronounced sentence.
REVERSED AND REMANDED.
BOOTH, POLSTON and HAWKES, JJ., concur.

. Appellant’s motion purported to be filed pursuant to rule 3.700(a), the trial court correctly treated the motion as a motion to correct an illegal sentence pursuant to rule 3.800.