907 So.2d 559 (2005)
Steven HARTSFIELD, a/k/a Steven Heartsfield, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1545.
District Court of Appeal of Florida, Second District.
June 29, 2005.
Rehearing Denied August 5, 2005.
PER CURIAM.
Steven Hartsfield appeals an order denying his postconviction motion for lack of jurisdiction. Mr. Hartsfield is currently serving three concurrent prison sentences that were apparently imposed in Lee County in September 2004 in case numbers 03-2092CFA and 02-254CFA. He maintains that the judge at sentencing in Lee County agreed to give him jail credit for time served in three other cases in which sentences had not yet been imposed. Those cases were pending in Collier County, and a judge in that county sentenced Mr. Hartsfield in November 2004. He now claims that he is entitled to 170 additional days of jail credit in the Lee County cases as a result of the Collier County cases.
Mr. Hartsfield filed a single motion for jail credit in Collier County that listed the three Collier County case numbers in the style of the case. Despite the style, he asked for relief concerning the judgments in Lee County. The trial court dismissed the motion, claiming lack of jurisdiction.
We are inclined to believe that a circuit court judge in the Twentieth Judicial Circuit has jurisdiction to accept such a filing and to transfer it to the proper division of that circuit. See Art. V, § 2(a), Fla. Const. Nevertheless, the motion filed by Mr. Hartsfield was filed pursuant to Florida Rule of Criminal Procedure 3.700(a), which is not a rule allowing postconviction relief. If he intended to file the motion under Florida Rule of Criminal Procedure 3.800(a), his allegations are insufficient to entitle him to any relief. Accordingly, we affirm without prejudice to Mr. Hartsfield's right to seek relief by filing a timely motion pursuant to Florida Rule of Criminal Procedure 3.850 in the two relevant cases in Lee County.
Affirmed.
*560 ALTENBERND, C.J., and NORTHCUTT and SILBERMAN, JJ., concur.