915 So.2d 189 (2005)
Jason Michael OSBORN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-963.
District Court of Appeal of Florida, Third District.
June 29, 2005.
Rehearing Denied August 24, 2005.
*190 Jason M. Osborn, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, SHEPHERD and ROTHENBERG, JJ.
PER CURIAM.
Jason M. Osborn appeals an order denying postconviction relief. Defendant-appellant Osborn filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), but the trial court correctly treated it as a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.
The defendant entered into a negotiated plea with the State in Miami-Dade County Circuit Court case numbers 02-29354 and 02-36495. Under the plea bargain, the defendant agreed to enter a guilty plea and to be sentenced to a ten-year sentence as a habitual offender. The court sentenced the defendant in accordance with the agreement.
In his motion for postconviction relief, the defendant claims that a notice of habitualization was not filed. As to case number 02-29354, the record conclusively refutes the defendant's claim. The record excerpts reflect that a written notice was filed and oral notice was given as well.
As to case number 02-36495, there is no indication in the record excerpts that notice of habitualization was given. However, the defendant with the advice of counsel entered into a guilty plea as a habitual offender in both cases, in exchange for a sentence of ten years.
The agreement to be sentenced as a habitual offender waives any claim of deficiency regarding notice of habitualization. See Hope v. State, 766 So.2d 343, 344 n. 1 (Fla. 5th DCA 2000).
The defendant claims that his sentencing guidelines scoresheet was incorrect. That claim is immaterial as a habitual offender sentence is exempt from the sentencing guidelines. See § 775.084(4)(e), Fla. Stat. (2002).
The defendant claims that his habitual offender sentence is impermissible under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The decision in Blakely is inapplicable to the defendant's case, because the defendant's sentence became final prior to the announcement of Blakely, and Blakely is not retroactive. See Modest v. State, 892 So.2d 566, 567 (Fla. 3d DCA 2005).
The defendant's claim under Apprendi is without merit. "[T]he Apprendi decision does not apply to the adjudication of a defendant as a habitual offender under *191 the Florida habitual offender statute." Ashley v. State, 816 So.2d 170, 170 (Fla. 3d DCA 2002) (citations omitted).
Finally, defendant argues that the trial court failed to attach portions of the record refuting the defendant's claims. The defendant is incorrect. Appropriate record excerpts have been included in the record on appeal. These were attached to the State's response filed in the trial court. See Fla. R.App. P. 9.141(b)(2)(A).
Affirmed.