913 So.2d 737 (2005)
James C. LANE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-287.
District Court of Appeal of Florida, Third District.
November 2, 2005.
James C. Lane, in proper person.
Charles J. Crist, Jr., Attorney General, and Jennifer Falcone Moore, Assistant Attorney General, for appellee.
Before LEVY, SHEPHERD, and ROTHENBERG, JJ.
PER CURIAM.
James C. Lane appeals a trial court order granting 1,582 days credit for time served upon a re-sentencing after his violation of probation. Lane urges that he is entitled to 1,627 days credit for time served.[1] Based on the record before us, we reverse for re-consideration in one respect.
Upon careful review of the sentence imposed, we find that the award of 1,582 days of credit for time served is appropriately calculated and supported with the exception that appellant's release date to probation is not conclusively demonstrated by the record. The State avers that the appellant's release date to probation on the original sentence was March 12, 1999, and based upon that representation, accepted by the trial judge, the court determined that appellant was entitled to 1,582 days of credit for time served. The Affidavit of Probation and a Notice of Inquiry in the record suggests that appellant was admitted to probation on the original offense on April 14, 1999. If the latter is correct, appellant is entitled to an additional twenty-three days of credit for time served.
Because the record before us fails to conclusively demonstrate that the appellant is not entitled to any relief, we reverse the decision of the trial court. See Fla. *738 R.App. P. 9.141(b)(2)(D)("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief."). On remand, the trial court either should attach those portions of the record that conclusively refute appellant's claim of release date to probation on the original split sentence, or award him the appropriate credit for time served.
Reversed and remanded.
NOTES
[1] Lane sought relief below pursuant to Florida Rule of Criminal Procedure 3.700(a). Rule 3.700(a) is not a cognizable vehicle by which post-conviction relief may be obtained. Hartsfield v. State, 907 So.2d 559 (Fla. 2d DCA 2005). Accordingly, we treat this appeal as if the motion had been filed under Florida Rule of Criminal Procedure 3.800(a). Hurt v. State, 868 So.2d 675, 675 n. 1 (Fla. 1st DCA 2004).