Motion for Rehearing and/or Clarification

ROTHENBERG, Judge.
We withdraw the opinion filed on January 18, 2006 on our own motion and substitute the following. See Johnson v. State, 184 So.2d 161 (Fla.1966); City of Cooper City v. Farthing, 905 So.2d 925 (Fla. 1st DCA 2005); Dart v. State, 417 So.2d 1165 (Fla. 1st DCA 1982).
Pedro P. Bayron appeals the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging that the State failed to file any notice of its intent to seek habitual felony offender sentencing under section 775.084. As to this claim, we affirm. The defendant admits in his motion that his sentence as a habitual felony offender was as a result of a negotiated plea. “The agreement to be sentenced as a habitual offender waives any claim of deficiency regarding notice of habitualization.” Osborn v. State, 915 So.2d 189, 190 (Fla. 3d DCA 2005); Hope v. State, 766 So.2d 343, 344 n. 1 (Fla. 5th DCA 2000).
The defendant also claims his attorneys (he alleges he was represented by five separate assistant public defenders during the pendency of his case), provided ineffective assistance of counsel (1) by failing to discuss with him the consequences of his plea; (2) by failing to inform him of an earlier and more favorable plea offer; and (3) because the public defender’s office represented a co-defendant, thereby creating a conflict of interest. As the record before us fails to conclusively demonstrate that Bayron is not entitled to any relief, we reverse the decision of the trial court and remand for an evidentiary hearing or attachment of those portions of the record that conclusively refute Bayron’s claim. See Fla. R.App. P. 9.141(b)(2)(D)(“On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.”); Lane v. State, 913 So.2d 737 (Fla. 3d DCA 2005).
Reversed and remanded.