780 So.2d 216 (2001)
Donald Eugene WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3501.
District Court of Appeal of Florida, Fifth District.
February 9, 2001.
Rehearing Denied March 8, 2001.
Donald Eugene Wright, Daytona Beach, pro se.
No Appearance for Appellee.
PLEUS, J.
Donald Eugene Wright appeals the summary denial of his Rule 3.800(a) motion in which he claimed that the habitual felony offender statute, section 775.084, Florida Statutes (1993), is unconstitutional because it allows a defendant's punishment to be increased based on findings of fact made by a judge, rather than by a jury. We affirm.
Defendant relies on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which the United States Supreme Court held that other than the fact of a prior conviction, any fact which increases a defendant's punishment must be submitted to a jury and proven beyond a reasonable doubt. Defendant argues that under the habitual felony offender statute, the trial judge must not only make a finding of fact that a prior conviction exists, but also must find that the conviction was for a qualified offense committed within five years, was not for a violation of section 893.13, Florida Statutes (1993), and had not been vacated, or the defendant pardoned. Therefore, he concludes that under Apprendi, the statute is unconstitutional.
The United States Supreme Court expressly acknowledged in Apprendi that recidivism is a traditional basis for increasing a sentence and is a fact which does not relate to the commission of the offense before the court. See also State v. Rucker, *217 613 So.2d 460 (Fla.1993) (legislature enacted habitual felony offender statute to allow enhanced penalties for defendants who meet objective requirements indicating recidivism). Nothing in Apprendi overrules the Florida Supreme Court's holding in Eutsey v. State, 383 So.2d 219 (Fla.1980) that the determination that a defendant could be sentenced as an habitual felony offender was independent of the question of guilt in the underlying substantive offense and did not require the full panoply of rights afforded a defendant in the trial of the offense.
This court has previously affirmed orders denying the same claim. See Harris v. State, 775 So.2d 302 (Fla. 5th DCA 2000); Coleman v. State, 773 So.2d 1164 (Fla. 5th DCA 2000).
AFFIRMED.
SHARP, W. and GRIFFIN, JJ., concur.