787 So.2d 892 (2001)
Tommie Lee GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1607.
District Court of Appeal of Florida, Fourth District.
April 25, 2001.
*893 Carey Haughwout, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Appellant, Tommie Lee Gordon, was tried by jury and convicted of delivery of cocaine, and sentenced to four years in prison as a habitual felony offender. We have considered, but reject without further comment, Gordon's claims that he was entrapped as a matter of law and that improper comments of the prosecutor entitle him to a new trial. We reverse the habitual felony offender sentence because there was no proof that the requisite prior offenses were committed during the applicable statutory window.
Gordon first argues that the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), affords him the right to have a jury determine that he has the requisite predicate convictions necessary to impose a habitual felony offender sentence. Secondly, Gordon asserts that the State failed to present sufficient evidence to establish that he has the necessary predicate convictions as required under the statute. We agree with the latter of these claims and reverse Gordon's sentence.
Gordon's Apprendi claim must fail for two reasons. First, since Gordon's four-year sentence was well below the statutory maximum, Apprendi has no application. See United States v. Shepard, 235 F.3d 1295 (11th Cir.2000); United States v. Gerrow, 232 F.3d 831 (11th Cir.2000). Second, we align ourselves with the Fifth District which has held that the findings *894 required under the habitual felony offender statute fall within Apprendi's "recidivism" exception and that nothing in Apprendi overruled our supreme court's decision in Eutsey v. State, 383 So.2d 219 (Fla.1980), rejecting the notion that a defendant was entitled to have a jury determine, beyond a reasonable doubt, the existence of the predicates necessary for imposition of a habitual felony offender sentence. See Wright v. State, 780 So.2d 216 (Fla. 5th DCA 2001); see also Jones v. State, 784 So.2d 1111 (Fla. 2d DCA 2001).
We find merit in Gordon's contention that the State failed to present sufficient evidence to establish that the crime for which he was being sentenced was committed either:
a. While the defendant was serving a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense; or
b. Within 5 years of the date of the conviction of the defendant's last prior felony or other qualified offense, or within 5 years of the defendant's release from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.
§ 775.084(1)(a)(2), Fla. Stat. (Supp.1998). Here, the prosecutor recited a series of case numbers, charges and terms of imprisonment, and defense counsel stipulated that "those, in fact, are his priors ." The stipulation did not establish that the convictions or Gordon's release from prison or "other commitment" took place within the required five-year window. Moreover, the PSI in the instant case suffered from these same infirmities.
Accordingly, we reverse Gordon's HFO sentence and remand for resentencing. See Boyd v. State, 776 So.2d 317, 318 (Fla. 4th DCA 2001)("Before a trial court may impose a habitual felony offender sentence,.... the state must provide record evidence of the date of the current felony offense, the date of the conviction for the last prior felony, and the date the defendant was released from any prison term or supervision imposed for the last felony conviction.") (citations omitted); see also Mitchell v. State, 780 So.2d 282 (Fla. 4th DCA 2001); Bellamy v. State, 712 So.2d 409 (Fla. 2d DCA 1998).
AFFIRMED in part, REVERSED in part, and REMANDED.
POLEN and TAYLOR, JJ., concur.