789 So.2d 1150 (2001)
Miguel Angel SALDO, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D00-594, 3D00-1274.
District Court of Appeal of Florida, Third District.
July 5, 2001.
Bennett H. Brummer and Robert Kalter, Miami, for appellant.
*1151 Robert A. Butterworth, Attorney General and Richard Polin, Assistant Attorney General, for appellee.
Before JORGENSON and LEVY, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
A jury found the Defendant guilty of aggravated battery, a lesser included offense of attempted second degree murder. The court adjudicated the Defendant an habitual offender and sentenced him to thirty years in state prison. The Defendant subsequently entered a guilty plea as to the charge of possession of a firearm by a convicted felon and the court once again adjudicated the Defendant an habitual offender and sentenced him to forty months in state prison, the sentence to run concurrent with the thirty year sentence. The Defendant filed a notice of appeal followed by a motion to correct an illegal sentence. In that motion, Defendant argued that the habitual offender statute is unconstitutional because it provides for the trial judge rather than the jury to make factual determinations on matters resulting in the Defendant receiving more than the statutory maximum sentence for an offense. The trial court denied the Defendant's motion and this appeal followed.
The Defendant maintains that Section 775.084, Florida Statutes (2000), impermissibly permits a judge to sentence a Defendant beyond the statutory maximum if the judge finds that certain facts exist by a preponderance of the evidence. Citing to Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Defendant argues that such factual determinations must be made by a jury. The Defendant claims that the United States Supreme Court's holding in Apprendi supports the conclusion that it unconstitutional to remove from the jury any findings of fact that could result in a sentence greater than the maximum for the particular offence. As Judge Cope observed in Robbinson v. State, 784 So.2d 1246 (Fla. 3d DCA 2001), a careful reading of Apprendi refutes such a claim as applied to the enhancement of a penalty based on proof of prior criminal convictions. Apprendi makes clear that recidivism statutes, which enhance sentencing based on the "fact of prior convictions", do not require those facts to be submitted to the jury and are outside the scope of the ruling in Apprendi. See United States v. Powell, 109 F.Supp.2d 381 (E.D.Pa.2000). Subsequent to Apprendi, our sister courts in Wright v. State, 780 So.2d 216 (Fla. 5th DCA 2001)(concluding that nothing in Apprendi overrules the Florida Supreme Court's holding in Eutsey v. State, 383 So.2d 219 (Fla.1980), that the determination that a defendant could be sentenced as an habitual felony offender was independent of the question of guilt in the underlying substantive offense and did not require the full panoply of rights afforded a defendant in the trial of the offense), and Gordon v. State, 787 So.2d 892 (Fla. 4th DCA 2001), have expressly rejected similar challenges. Like these courts, we find no merit to the challenge posed.
Accordingly, we affirm the order under review.