PER CURIAM.
Nolan Jones challenges his conviction and sentence for burglary. We affirm finding it unnecessary to comment at length on Jones’ claim that the trial court reversibly erred when it denied his request for a jury instruction on theft. Theft is neither a category 1 or category 2 lesser offense of burglary. Florida Standard Jury Instructions in Criminal Cases. Moreover, because the allegations contained in the charging pleading did not include the elements necessary for a conviction of theft, the denial of the request for a jury instruction regarding theft was correct. See, generally, Taylor v. State, 608 So.2d 804 (Fla.1992); McClendon v. State, 765 So.2d 247 (Fla. 1st DCA 2000); Nesbitt v. State, 819 So.2d 993 (Fla. 5th DCA 2002).
Jones further argues that his designation as a habitual felony offender is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.E.2d 435 (2000). Such an argument has been repeatedly rejected. See Jones v. State, 791 So.2d 580 (Fla. 1st DCA 2001); see also Saldo v. State, 789 So.2d 1150 (Fla. 3d DCA 2001); Gordon v. State, 787 So.2d 892 (Fla. 4th DCA 2001); Wright v. State, 780 So.2d 216 (Fla. 5th DCA 2001).
Accordingly, Jones’ judgment of conviction and sentence is AFFIRMED.
AFFIRMED.
WOLF, VAN NORTWICK and POLSTON, JJ., concur.