884 So.2d 476 (2004)
Charles E. McBRIDE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3060.
District Court of Appeal of Florida, Fourth District.
October 6, 2004.
*477 Charles E. McBride, Polk City, pro se.
No appearance required for appellee.
TAYLOR, J.
In 1992, a jury found Charles E. McBride guilty of burglary of a dwelling. Subsequently, the trial court imposed a thirty-year prison sentence under the habitual felony offender statute, section 775.084, Florida Statutes. McBride appeals the denial of his rule 3.800(a) motion to correct sentence, wherein he challenged the habitual offender sentence under the Supreme Court's recent decision in Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). McBride contends that his sentence is illegal because the jury did not determine whether he had the requisite prior convictions for the enhanced sentence.
In Blakely, the Supreme Court revisited Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and extended its application to sentencing guidelines schemes which allow judges to depart upward based on certain facts and circumstances surrounding the criminal offense. In Apprendi, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime ... must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348.
We previously held that Apprendi does not apply to recidivism statutes and entitle a defendant to have a jury determine, beyond a reasonable doubt, the existence of predicate convictions necessary for imposing a habitual felony offender sentence. See Gordon v. State, 787 So.2d 892, 894 (Fla. 4th DCA 2001). In Gordon, we concluded that Apprendi did not overrule Eutsey v. State, 383 So.2d 219 (Fla.1980), wherein our state supreme court rejected "the notion that a defendant was entitled to have a jury determine, beyond a reasonable doubt, the existence of the predicates necessary for imposition of a habitual felony offender sentence." Gordon, 787 So.2d at 894.
Recently, the Eleventh Circuit held that Blakely, like Apprendi, does not require a jury to find beyond a reasonable doubt that a defendant had prior convictions for a sentencing court to enhance a sentence. United States v. Marseille, 377 F.3d 1249, 1258 n. 14 (11th Cir.2004)("We have reviewed Blakely and conclude that it is inapposite.... [T]hough the district court found that Marseille had prior convictions, Blakely does not take such fact-finding out of the hands of the courts.").
*478 The Eleventh Circuit has also concluded that Blakely does not apply retroactively to cases on collateral review. In re Dean, 375 F.3d 1287, 1290 (11th Cir.2004)("Regardless of whether Blakely established a `new rule of constitutional law' . . . the Supreme Court has not expressly declared Blakely to be retroactive to cases on collateral review."). Without an express declaration by the Supreme Court, Blakely cannot be applied retroactively. See Tyler v. Cain, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001)(explaining that "a new rule is not `made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive.").
We likewise hold that Blakely does not entitle a defendant to have a jury determine whether he has the requisite predicate convictions for a habitual felony offender sentence. We further hold that Blakely does not apply retroactively to cases on collateral review. Accordingly, we affirm the trial court's denial of the defendant's motion to correct his sentence.
FARMER, C.J., and GROSS, J., concur.