885 So.2d 924 (2004)
Frederick FRUMENTI, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3012.
District Court of Appeal of Florida, Fifth District.
October 8, 2004.
Rehearing Denied November 10, 2004.
Frederick Frumenti, Daytona Beach, pro se.
No Appearance for Appellee.
THOMPSON, J.
Frederick Frumenti appeals an order summarily denying his Rule 3.800(a) motion.[1] We affirm.
Frumenti was sentenced for armed burglary of a dwelling,[2] possession of a firearm by a convicted felon,[3] grand theft of a *925 firearm,[4] and aggravated assault with a firearm.[5] He was also designated a habitual felony offender pursuant to section 775.084, Florida Statutes. Frumenti claims in his motion that his habitual offender sentences are illegal under Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In Blakely, the Supreme Court held that factors which enhanced a defendant's sentence from the presumptive sentencing guidelines must be decided by a jury. Id. at 2536. We conclude that Frumenti is not entitled to relief on this claim because Blakely merely applied Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Court ruled in Apprendi that: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. (emphasis supplied). Contrary to Frumenti's position, habitual offender sentences are based solely on prior convictions. See § 775.084, Fla. Stat. Further, as this court stated in Wright v. State, 780 So.2d 216, 217 (Fla. 5th DCA 2001):
Nothing in Apprendi overrules the Florida Supreme Court's holding in Eutsey v. State, 383 So.2d 219 (Fla.1980) that the determination that a defendant could be sentenced as an habitual felony offender was independent of the question of guilt in the underlying substantive offense and did not require the full panoply of rights afforded a defendant in the trial of the offense.
AFFIRMED.
PALMER and TORPY, JJ., concur.
NOTES
[1] Frumenti filed a notice of supplemental authority in the trial court, which the court treated as a Rule 3.800(a) motion since Frumenti had nothing pending in the trial court at the time.
[2] § 810.02(1), Fla. Stat.
[3] § 790.23(3), Fla. Stat.
[4] § 812.014(2)(c)3, Fla. Stat.
[5] § 784.021(1)(a), Fla. Stat.