900 So.2d 633 (2005)
Ronald TILLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2071.
District Court of Appeal of Florida, Second District.
March 23, 2005.
Rehearing Denied May 6, 2005.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
A jury convicted Ronald Tillman of escape, battery of a law enforcement officer, and false imprisonment. Among the punishments imposed by the trial court was a habitual offender sentence for the escape conviction. On appeal, Tillman challenges his convictions and his habitual offender sentence. We affirm the convictions without discussion. We also disagree with Tillman's contention that his habitual offender sentence should be reversed because it violates Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and we affirm that sentence as well.
Tillman asserts Blakely entitled him to a jury determination of facts that were legally essential to his habitual offender sentence, including whether (1) he had been convicted of a prior felony; (2) the charged offense occurred within five years of his prior felony conviction or his release from imprisonment imposed for that conviction; and (3) he had been pardoned. Blakely reiterated the rule of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, ___ U.S. at ___, 124 S.Ct. at 2536 (emphasis supplied). The Blakely Court applied Apprendi to sentencing guidelines schemes that allowed judges to impose upward departure sentences based on facts and circumstances *634 surrounding the charged crimes. Id. at 2527-38. But that is not the circumstance here. Tillman was legally sentenced as a habitual offender, not under the guidelines. See Matthews v. State, 891 So.2d 596 (Fla. 3d DCA 2004).
Nothing in Blakely casts doubt on the numerous Florida decisions holding that Apprendi does not apply to a determination that a defendant has previous felony convictions that qualify him for a habitual offender sentence. See Grant v. State, 815 So.2d 667, 668 n. 3 (Fla. 2d DCA 2002); see also Fyler v. State, 852 So.2d 442 (Fla. 5th DCA 2003), review denied, 860 So.2d 977 (Fla.2003); Jones v. State, 791 So.2d 580 (Fla. 1st DCA 2001); Saldo v. State, 789 So.2d 1150 (Fla. 3d DCA 2001); Gordon v. State, 787 So.2d 892 (Fla. 4th DCA 2001). Thus, we join our sister courts in determining that Blakely, also, does not require that a jury make factual determinations concerning a defendant's qualification for habitual offender sentencing. See Matthews, 891 So.2d at 596; Frumenti v. State, 885 So.2d 924 (Fla. 5th DCA 2004); McBride v. State, 884 So.2d 476 (Fla. 4th DCA 2004).
Affirmed.
SILBERMAN and VILLANTI, JJ., Concur.