906 So.2d 1264 (2005)
Derrick D. GURLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2697.
District Court of Appeal of Florida, Fourth District.
July 27, 2005.
*1265 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
After a jury trial, appellant Derrick Gurley was convicted of burglary of an occupied dwelling. The trial court sentenced him as a prison releasee reoffender pursuant to section 775.082(9), Florida Statutes (2004).
On appeal Gurley argues that his prison releasee reoffender sentence was improper under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because it was a judge, and not a jury, who determined that his current conviction fell within three years of his release from prison.
In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The supreme court revisited Apprendi in Blakely and extended its application to sentencing guideline schemes which allow judges to sentence more severely based on facts that are a part of the criminal offense. For example, Blakely involved a defendant whose sentence was enhanced because he had acted with "deliberate cruelty" in committing the underlying crime.
Recidivist sentencing statutes based on a defendant's prior criminal record fall outside of Apprendi and Blakely. The Florida Supreme Court has held that Apprendi does not apply to prison releasee reoffender sentences. See McGregor v. State, 789 So.2d 976 (Fla.2001). We have held that Apprendi does not apply to recidivism statutes, so that a jury is not required to find the existence of predicate convictions beyond a reasonable doubt before a habitual felony offender sentence may be imposed. See McBride v. State, 884 So.2d 476, 477 (Fla. 4th DCA 2004); see also Frumenti v. State, 885 So.2d 924, 925 (Fla. 5th DCA 2004); United States v. Marseille, 377 F.3d 1249, 1257 n. 14 (11th Cir.2004). For the purpose of applying Apprendi and Blakely, the date of a defendant's release from prison under the prison releasee reoffender statute is analogous to the fact of a prior conviction under the habitual felony offender statute. For these reasons, the conviction and sentence are affirmed.
STEVENSON, C.J., and SHAHOOD, J., concur.