909 So.2d 599 (2005)
Lorenzo M. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1704.
District Court of Appeal of Florida, Fifth District.
September 2, 2005.
James S. Purdy, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Appellant challenges his conviction for robbery with a weapon on two grounds: First, that the lower court improperly admitted as evidence a 911 tape in violation of Appellant's right of confrontation under the United States Constitution, and second, that his Sixth Amendment right to a jury trial was infringed when the court sentenced him as an habitual offender. We affirm.
The disposition of Appellant's Confrontation Clause argument turns on whether statements made to a 911 operator by a witness to the crime were "testimonial" under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We conclude that the statements, which were clearly in the nature of excited utterances, were not testimonial in nature. Therefore, the admission of the statements did not violate Appellant's constitutional *600 right to confront the declarant. Towbridge v. State, 898 So.2d 1205 (Fla. 3d DCA 2005). See also, John F. Yetter, Wrestling with Crawford v. Washington and the New Constitutional Law of Confrontation, 78 Fla. B.J. 26, 29 (2004).
As to Appellant's second point, we conclude that Appellant did not have a right to jury trial to determine whether he should be sentenced as an habitual offender. Frumenti v. State, 885 So.2d 924 (Fla. 5th DCA 2004).
AFFIRMED.
SHARP, W., SAWAYA and TORPY, JJ., concur.