914 So.2d 12 (2005)
Dennis CALLOWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5673.
District Court of Appeal of Florida, Second District.
September 16, 2005.
Rehearing Denied November 23, 2005.
*13 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Dennis Calloway appeals his prison releasee reoffender (PRR) sentence of life imprisonment for robbery with a firearm. Calloway raises two issues, both of which we conclude lack merit.
Calloway first argues that the jury should have been informed of the mandatory PRR sentence that would be imposed upon conviction. Calloway claims that the failure to inform the jury of such a fact constituted a secret tax on the citizens of Florida. We find this claim to be absurd and decline to address it further.
Calloway also argues that the imposition of his PRR sentence without a jury determination that he had committed the robbery within three years of his release from prison violates the spirit of both Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He claims that the fact of his date of release from prison does not fall within the prior conviction exception of Apprendi and therefore was required to be found beyond a reasonable doubt by the jury. For the reasons set forth below, we reject this argument.
In Apprendi, the Court held that the Sixth Amendment right to trial by jury requires the application of the rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. In Blakely, the Court further held:
Our precedents make clear . . . that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.
124 S.Ct. at 2537 (citations omitted).
The State charged Calloway with committing robbery with a firearm, a first-degree felony punishable by life in prison, on August 4, 1998. See § 812.13(2)(a), Fla. Stat. (1997). The jury found Calloway guilty as charged. On his scoresheet, Calloway scored a minimum sentence of 107.5125 months (8.96 years) in prison and a maximum sentence of 179.1875 months (14.93 years) in prison. According to Blakely, the maximum sentence the trial judge could impose, based on the jury's findings alone and without an admission by Calloway, was 14.93 years in prison unless the court enhanced Calloway's sentence based on the "prior conviction" exception articulated in Apprendi.[1]
*14 It is clear that sentence enhancements under the various provisions of the habitual offender statute meet the requirements of Apprendi and Blakely because the enhancements are based solely on prior convictions. See, e.g., Tillman v. State, 900 So.2d 633 (Fla. 2d DCA 2005); Grant v. State, 815 So.2d 667, 668 n. 3 (Fla. 2d DCA 2002); Matthews v. State, 891 So.2d 596 (Fla. 3d DCA 2004); Frumenti v. State, 885 So.2d 924 (Fla. 5th DCA 2004); McBride v. State, 884 So.2d 476 (Fla. 4th DCA 2004); Fyler v. State, 852 So.2d 442 (Fla. 5th DCA 2003); Jones v. State, 791 So.2d 580 (Fla. 1st DCA 2001); Saldo v. State, 789 So.2d 1150 (Fla. 3d DCA 2001); Dennis v. State, 784 So.2d 551 (Fla. 4th DCA 2001); Gordon v. State, 787 So.2d 892 (Fla. 4th DCA 2001).
A defendant qualifies for sentencing under the four classifications of the habitual offender statute, section 775.084, if the trial court finds that the defendant has at least two prior felony convictions and he or she committed the instant offense (1) while serving a prison sentence or a term of supervision for a prior felony conviction or (2) within five years of the date of the last felony conviction or the date of release from prison or supervision from the last prior felony conviction. See § 775.084(1)(a)(2)(a), (b), (1)(b)(2)(a), (b), (1)(c)(2)(a), (b), (1)(d)(3)(a), (b), Fla. Stat. (2004). In addition, in order to qualify as a violent career criminal, the trial court must find that the "defendant has been incarcerated in a state prison or a federal prison." § 775.084(1)(d)(2).
The provisions in section 775.084 allowing for enhanced sentencing if the new offense was committed within a certain period of time from the defendant's release from prison are similar to the PRR provision in section 775.082(9)(a), Florida Statutes (Supp.1998), which provides for PRR sentencing if the new offense is committed within three years of release from a Department of Corrections facility. Under the PRR statute and, in some cases, the habitual offender statute, the trial court must find that the instant offense was committed within a certain period of time from the date of the defendant's last release from prison.
In Tillman, 900 So.2d at 633, the defendant, who had been sentenced under the habitual offender statute, argued that Blakely and Apprendi require the jury to determine, among other things, that the charged offense either occurred within five years of his prior felony conviction or his release from his imprisonment for that conviction. This court held that Blakely does not require the jury to make such a factual determination. Id. at 634. Applying the rationale of Tillman, we conclude that Calloway's date of release from prison is a part of his prior record and thus does not need to be presented to a jury and proved beyond a reasonable doubt. See Gurley v. State, 906 So.2d 1264, 1265 (Fla. 4th DCA 2005) ("For the purpose of applying Apprendi and Blakely, the date of a defendant's release from prison under the prison releasee reoffender statute is analogous to the fact of a prior conviction under the habitual felony offender statute.").
While we recognize that the fact of Calloway's date of release from his prior prison sentence is not the same as a bare fact of a prior conviction, we conclude that it is directly derivative of a prior conviction and therefore does not implicate Sixth Amendment protections. See United States v. Pineda-Rodriquez, 133 Fed. Appx. 455, *15 458 (10th Cir.2005) (holding that the fact of the date of defendant's release from custody and the fact that defendant was on supervision during commission of the instant offense fall under the prior conviction exception because they are "subsidiary findings" that are "merely aspects of the defendant's recidivist potential, . . . easily verified, and . . . require[] nothing more than official records, a calendar, and the most self-evident mathematical computation"); see also United States v. Garcia-Rodriquez, 127 Fed. Appx. 440, 451 (10th Cir.2005) (holding that the prior conviction exception in Apprendi permits a court to find facts "intimately related" to the underlying prior conviction, such as whether the defendant is the same person who committed the prior crimes); Ryle v. State, 819 N.E.2d 119 (Ind.App.2004) (holding that the fact that the defendant was on probation at the time he committed the instant offense is derivative of his criminal history and does not implicate Blakely). But see State v. Perez, 196 Or.App. 364, 102 P.3d 705, 709 (2004) (holding that the fact that defendant was on parole or probation at the time of the offense was not a fact of a prior conviction for purposes of Apprendi because the same "procedural safeguards" attached to a fact of a prior conviction had not attached to that fact). The fact of a date of release from prison is based on a prior conviction and is therefore closely related to the prior judicial record and not the type of fact that is subject to the safeguards of Apprendi. Cf. Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 1262, 161 L.Ed.2d 205 (2005) (holding that fact shown in police reports and complaint applications that burglary was a violent felony was a fact not apparent in the "conclusive records made or used in adjudicating guilt" and was "too far removed from the conclusive significance of a prior judicial record" and "too much like the findings subject to . . . Apprendi" to allow its determination without a jury finding).
Accordingly, we affirm Calloway's PRR sentence.
Affirmed.
DAVIS, J., and SCHEB, JOHN M., Senior Judge, concur.
NOTES
[1] Many cases decided before Blakely have held that the PRR statute does not violate Apprendi because it does not increase the statutory maximum penalty but merely limits the judge's discretion in sentencing. See, e.g., Robinson v. State, 793 So.2d 891 (Fla.2001); McGregor v. State, 789 So.2d 976 (Fla.2001); Parker v. State, 790 So.2d 1033 (Fla.2001). These cases do not, however, address Blakely's specific definition of the statutory maximum for Apprendi purposes.