KELLY, Judge.
Victor Lee Lopez appeals from his Prison Releasee Reoffender (PRR) sentence for felony battery with a weapon. See § 775.082(9)(a), Fla. Stat. (2010). He argues that under Alleyne v. United States, — U.S.-, 138 S.Ct. 2151, 186 L.Ed.2d 314 (2013), a judge may no longer determine whether a defendant’s release date from a state correctional facility subjects him or her to PRR sentencing based on a preponderance of evidence; rather, a jury must make such a finding beyond a reasonable doubt. In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence is an element of the offense that must be submitted to the jury. 133 S.Ct. at 2155 (citing Apprendi v. New Jersey, 530 U.S. 466, 477, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that due process requires a jury to determine that the defendant is guilty of every element of an offense beyond a reasonable doubt)). Lopez contends that because the jury did not determine that he met the statutory requirements for PRR sentencing, his PRR designation must be reversed.
The State responds that the jury is not required to make the PRR factual determination because Apprendi carved out a specific exception for recidivist statutes. We agree. The Supreme Court in Apprendi stated that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added). In this case, it is not the fact that Lopez has a prior conviction that increases his sentence under the PRR statute. Rather, it is the date that Lopez was released from prison for the prior offense that is the fact that may increase his sentence. However, as this court stated in Calloway v. State, 914 So.2d 12, 14 (Fla. 2d DCA 2005), “[wjhile we recognize that the fact of [the defendant’s] date of release from his prior prison sentence is not the same as a bare fact of a prior conviction, we conclude that it is directly derivative of a prior conviction.” Therefore, because Lopez’s date of release from prison is a part of his prior record, that fact determination did not need to be presented to a jury and proved beyond a reasonable doubt. The determination of the date Lopez was released from prison for the prior offense was a ministerial act the trial judge properly made incident to sentencing. See id. at 15; Gurley v. State, 906 So.2d 1264, 1265 (Fla. 4th DCA 2005) (holding that even though the judge, rather than the jury, determined that Gurley’s conviction fell within three years of his release from prison, the date of release from prison was analogous to the fact of a prior conviction and could be found by a judge without violating Apprendi). Accordingly, we affirm Lopez’s PRR sentence.
Affirmed.
WALLACE and LaROSE, JJ., concur.