MARSTILLER, J.
Joseph A. Williams, Jr. (“Appellant”), was convicted by a jury of burglary of a dwelling and grand theft. The trial court imposed a 15-year Prison Releasee Reoffender (“PRR”) sentence for the burglary pursuant to section 775.082(9), Florida Statutes, and a concurrent five-year sentence for the grand theft. Appellant argues the PRR sentence is unconstitutional because the trial court, and not the jury, found the facts necessary to establish him as a prison releasee reoffender. He asserts that under Alleyne v. United States, — U.S.—, 138 S.Ct. 2151, 186 L.Ed.2d 314 (2013), any facts that increase the mandatory minimum sentence for an offense must be submitted to the jury and found beyond a reasonable doubt.
Appellant correctly encapsulates the holding in Alleyne, but it does not apply to this case. Alleyne dealt with a sentence imposed under a federal statute providing for a five-year mandatory minimum if the defendant used or carried a firearm while committing a “crime of violence,” and a seven-year mandatory minimum if the defendant “brandished” the firearm while committing such crime. Alleyne, — U.S. at-, 133 S.Ct at 2155-56. Appellant’s case involves no mandatory minimum sentence and no enhancement based on firearm usage or any similar enhancement factor.
Furthermore, Alleyne leaves intact the Supreme Court’s decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 530 U.S. at 490, 120 S.Ct. 2348. The Florida Supreme Court has held that Apprendi does not require a jury to determine whether a defendant committed the charged offense(s) within three years of being released from prison. Robinson v. State, 793 So.2d 891, 893 (Fla.2001); see § 775.082(9)(a)l., Fla. Stat. (2011).
“The touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an ‘element’ or ‘ingredient’ of the charged offense.” Alleyne, — U.S. at -, 133 S.Ct. at 2158 (emphasis added). The key fact pertinent to PRR sentencing — whether the defendant committed the charged offense within three years of release from prison — is not an ingredient of the charged offense. Rather, it relates to the fact of a prior conviction. Accordingly, we hold that Alleyne does not require a jury to make the PRR factual determination. See Lopez v. State, 135 So.3d 539 (Fla. 2d DCA 2014).
AFFIRMED.
ROWE and RAY, JJ., concur.