IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHARLES CULP,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-1808

Opinion filed July 21, 2014.

An appeal from the Circuit Court for Duval County.
Mallory D. Cooper, Judge.

Nancy A. Daniels, Public Defender, and Courtenay H. Miller, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Justin D. Chapman, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

The appellant, Charles Culp, raises two issues in this direct appeal of his convictions and prison releasee reoffender (PRR) sentences. First, Culp argues

that the trial court committed fundamental error in allowing the admission of collateral crimes evidence. We affirm this issue because no such evidence was introduced. Second, Culp argues that his PRR sentence is unconstitutional under Alleyne v. United States, 133 S. Ct. 2151 (2013), because the predicate facts for the sentence were not alleged in the information or found by a jury. We affirm this issue based upon Williams v. State, 39 Fla. L. Weekly D1336 (Fla. 1st DCA June 25, 2014), and Lopez v. State, 135 So. 3d 539 (Fla. 2d DCA 2014). See also Almendarez-Torres v. United States, 523 U.S. 224, 228, 243 (1998) (explaining that the charging document need not allege facts "relevant only to the sentencing of an offender found guilty of the charged crime" and stating that "the Court said long ago that a State need not allege a defendant's prior conviction in the indictment or information that alleges the elements of an underlying crime") (emphasis in original).

AFFIRMED.

LEWIS, C.J., WOLF, and WETHERELL, JJ., CONCUR.