# Third District Court of Appeal

## State of Florida

Opinion filed July 13, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-871
Lower Tribunal No. F10-19687
_____

**Heathcliff Peters,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Heathcliff Peters, in proper person.

Ashley Moody, Attorney General, for appellee.

Before EMAS, SCALES and GORDO, JJ.

PER CURIAM.

Affirmed. See Washington v. State, 335 So. 3d 1270 (Fla. 3d DCA 2022); Simmons v. State, 332 So. 3d 1129, 1131–32 (Fla. 5th DCA 2022) (holding that neither Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) nor Alleyne v. United States, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) requires that the jury—rather than the trial court—determine whether a defendant's instant offense was committed within three years after being released from a state correctional facility, a fact that must be established before a defendant may be sentenced as a prison releasee reoffender: "The date of a defendant's release from prison implicates neither the level of the offense, the facts of the underlying offense, nor the character of the offender as it relates to aggravation of a sentence"); Tobler v. State, 239 So. 3d 796 (Fla. 5th DCA 2018) (rejecting defendant's argument that the prison releasee reoffender statute is unconstitutional because it allows the judge, rather than the jury, to determine whether a defendant qualifies as a prison releasee reoffender for sentencing purposes); Williams v. State, 143 So. 3d 423, 424 (Fla. 1st DCA 2014) (holding: "The key fact pertinent to PRR sentencing—whether the defendant committed the charged offense within three years of release from prison—is not an ingredient of the charged offense. Rather, it relates to the fact of a prior conviction."); Lopez v. State, 135 So. 3d 539, 540 (Fla. 2d DCA 2014)

2

(holding that "because Lopez's date of release from prison is a part of his prior record, that fact determination did not need to be presented to a jury and proved beyond a reasonable doubt.") See also Luton v. State, 934 So. 2d 7, 9-10 (Fla. 3d DCA 2006) (noting that, before a defendant may be sentenced as an habitual violent felony offender (under section 775.084(1)(b), Florida Statutes) it must be established, inter alia, that the defendant "committed the current offense during, or within five years after completion of, the defendant's incarceration or supervision on the qualifying offense"; further holding that such a determination can be made by the trial court and need not be submitted to a jury: "The determination that a prior conviction exists also includes the relevant historical facts about the conviction: the date of the prior conviction, the sentence punishment imposed, and the date of the defendant's end of sentence or release from supervision. The Blakely [v. Washington, 542 U.S. 296 (2004)] decision does not require that such findings be made by the jury"); Calloway v. State, 914 So. 2d 12, 14 (Fla. 2d DCA 2005) (holding that the trial court's determination of a defendant's date of release after serving a prison sentence on a prior conviction, for purposes of enhanced sentencing under the habitual offender statute, did not violate Apprendi or Blakely because the trial court's finding— that the instant offense was committed within five years of the date of the

3

defendant's last felony conviction or the date of release from prison—was "directly derivative of a prior conviction and therefore does not implicate Sixth Amendment protections"); Gurley v. State, 906 So. 2d 1264, 1265 (Fla. 4th DCA 2005) (holding: "For the purpose of applying Apprendi and Blakely, the date of a defendant's release from prison under the prison releasee reoffender statute is analogous to the fact of a prior conviction under the habitual felony offender statute" and such determination can be made by the trial court rather than the jury.)