# Third District Court of Appeal
## State of Florida

Opinion filed April 12, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1983
Lower Tribunal No. F07-24507
_____

**Ricky Ryland,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Diana Vizcaino, Judge.

Ricky Ryland, in proper person.

Ashley Moody, Attorney General, for appellee.

Before LOGUE, MILLER and BOKOR, JJ.

BOKOR, J.

Ricky Ryland appeals the denial of his motion for post-conviction relief, claiming that a sentence imposed under Florida's prison releasee reoffender statute[1] requires a finding beyond a reasonable doubt by a jury as to the date of a defendant's release from prison for a prior offense. Ryland argues that a proper reading of Apprendi,[2] bolstered by the United States Supreme Court's subsequent decision in Alleyne,[3] mandates that such determinations of the timing of the offense within three years of release from prison, triggering the applicable sentencing enhancement, be found beyond a reasonable doubt by a jury. We disagree.

Ryland acknowledges a legion of case law finding constitutional a judge's ability, without a jury finding, to utilize the existence of a prior conviction to enhance a sentence. See, e.g., Apprendi, 530 U.S. at 490 ("**Other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added). This court, as well as the Florida Supreme Court, examined Apprendi and found the prison releasee reoffender statute constitutional. See Mack v. State, 901 So. 2d 414, 414 (Fla. 3d DCA 2005) ("The Apprendi

---

[1] § 775.082(9), Fla. Stat.
[2] Apprendi v. United States, 530 U.S. 466 (2000).
[3] Alleyne v. United States, 570 U.S. 99 (2013).

decision does not apply to sentences under Florida's prison releasee reoffender statute.  See Gudinas v. State, 879 So. 2d 616, 618 (Fla. 2004); Robinson v. State, 793 So. 2d 891, 892–93 (Fla. 2001); McGregor v. State, 789 So. 2d 976, 977–78 (Fla. 2001).").

In Alleyne, the United States Supreme Court, relying on Apprendi, overruled Harris v. United States, 536 U.S. 545 (2002), and held that there's no "distinction between facts that increase the statutory maximum and facts that increase only the mandatory minimum."  570 U.S. at 103.  Rather, Apprendi applies in both situations.  Id.  The United States Court of Appeals for the Eleventh Circuit addressed both Apprendi and Alleyne, explaining that:

> In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S. Ct. at 2362–63.  Similarly, the Supreme Court held in Alleyne that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury." 570 U.S. at 103, 115–16, 133 S. Ct. at 2155, 2162–63.

United States v. Patterson, 829 F.App'x 917, 919–20 (11th Cir. 2020). Ryland argues that the Supreme Court's clarification or application of Apprendi in Alleyne supports his constitutional challenge to the prison releasee reoffender statute because the statute requires a judge to determine a release date from prison to impose an enhanced sentence,

3

running afoul of the admonition in Alleyne. But this argument misses the mark. Alleyne offers no relief for Ryland since it doesn't change the analysis performed by this court, our sister courts, or the Florida Supreme Court under Apprendi in finding the statutory scheme constitutional.

The relevant factor for a prison releasee reoffender sentencing implicates no element of the charged offense and requires only a mechanical calculation or ministerial determination by the judge of the date of a defendant's release from prison for a prior conviction. Accordingly, neither Apprendi nor Alleyne provide a basis to challenge the underlying statutory scheme. Our sister district courts of appeal, post-Alleyne, similarly rejected constitutional challenges to the prison releasee reoffender statute, explaining that:

> In Lopez [v. State, 135 So. 3d 539, 540 (Fla. 2d DCA 2014)], we recognized that Apprendi carved out a specific exception for recidivist statutes like the PRR statute. This court found that because a defendant's date of release from a prior prison sentence is directly derivative of a prior conviction, it need not be found by a jury beyond a reasonable doubt in order for a defendant to be subject to a PRR sentence. Id. (citing Calloway v. State, 914 So. 2d 12, 14 (Fla. 2d DCA 2005)).

Robinson v. State, 337 So. 3d 1275, 1276 (Fla. 2d DCA 2022); see also Williams v. State, 143 So. 3d 423, 424 (Fla. 1st DCA 2014) ("Alleyne leaves intact the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), which held that '[o]ther than

4

the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' 530 U.S. at 490, 120 S. Ct. 2348."); Chapa v. State, 159 So. 3d 361, 362 (Fla. 4th DCA 2015) (adopting Williams and Lopez); Tobler v. State, 239 So. 3d 796 (Fla. 5th DCA 2018) (rejecting Tobler's challenge to the constitutionality of the prison releasee reoffender statute, citing to Chapa and Lopez).

We agree with our sister district courts of appeal and reject Ryland's constitutional challenge. We hold that post Alleyne, Apprendi's admonition and the binding cases from the Florida Supreme Court and this court pertaining to the prison releasee reoffender statute remain applicable. A defendant's release date from prison derives directly from a prior conviction and sentence. Accordingly, Florida's prison releasee reoffender statute permissibly empowers a judge, not a jury, to make a release date determination based on the preponderance of the evidence.

Affirmed.