# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1318
LT Case No. 2012-CF-001417-A

_____

MARCO T. DENSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

3.800 Appeal from the Circuit Court for Putnam County.
Alicia R. Washington, Judge.

Marco T. Denson, Milton, pro se.

No Appearance for Appellee.

January 28, 2025

PER CURIAM.

We affirm the order on appeal denying Marco T. Denson's Florida Rule of Criminal Procedure 3.800(a) motion as to his argument that his sentence as a prison releasee reoffender ("PRR") is illegal because the trial court, instead of a jury, made the finding that Denson's offense was committed within three years after his release from prison. § 775.082(9), Fla. Stat. (2010). We rejected this argument in *Simmons v. State*, 332 So. 3d 1129, 1131–32 (Fla. 5th DCA 2022), and are bound by that decision. *See also Maye v.*

*State*, 368 So. 3d 531 (Fla. 6th DCA 2023), *review granted,* No. SC2023-1184, 2024 WL 1796831 (Fla. Apr. 25, 2024); *Tobler v. State*, 239 So. 3d 796 (Fla. 5th DCA 2018); *Williams v. State*, 143 So. 3d 423, 424 (Fla. 1st DCA 2014) ("The key fact pertinent to PRR sentencing—whether the defendant committed the charged offense within three years of release from prison—is not an ingredient of the charged offense. Rather, it relates to the fact of a prior conviction."); *Lopez v. State*, 135 So. 3d 539, 540 (Fla. 2d DCA 2014) ("[B]ecause Lopez's date of release from prison is a part of his prior record, that fact determination did not need to be presented to a jury and proved beyond a reasonable doubt.").

However, we reverse as to Denson's argument that his sentence is illegal because the court improperly imposed a mandatory minimum sentence as to count I. While the postconviction court denied this claim reasoning that Denson was not sentenced to a mandatory minimum as to count I, the necessary part of the sentencing documents does not appear in our 3.800(a) record. As a result, our record does not conclusively show that Denson is "entitled to no relief." Fla. R. App P. 9.141(b)(2)(D). We therefore reverse the denial of this ground and remand for further proceedings.

AFFIRMED IN PART, REVERSED IN PART.

JAY and EISNAUGLE, JJ., concur.
EISNAUGLE, J., concurs specially with opinion.
WALLIS, J., concurs in part and dissents in part with opinion.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

EISNAUGLE, J., concurring specially with opinion.

I agree that we must affirm the order denying Denson's Florida Rule of Criminal Procedure 3.800(a) motion[1] arguing that his prison releasee reoffender ("PRR")[2] sentence violates the Sixth Amendment. Amend. VI, U.S. Const. However, I write to explain why I would reverse on this issue if I were not bound by this court's decision in *Simmons v. State*, 332 So. 3d 1129 (Fla. 5th DCA 2022).[3] In my view, *Simmons* is wrongly decided because it is inconsistent with the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

---

[1] Our supreme court has instructed that *Apprendi* claims are subject to both the rule on preservation, *see McGregor v. State*, 789 So. 2d 976, 977 (Fla. 2001), and a harmless error analysis, *see Galindez v. State*, 955 So. 2d 517, 522–23 (Fla. 2007). The court has also held that "claims of error under *Apprendi* and *Blakely* are cognizable in a rule 3.800(a) motion." *Plott v. State*, 148 So. 3d 90, 95 (Fla. 2014).

After *Plott*, Florida's lower courts remain bound to conduct a harmless error analysis in *Apprendi* cases. However, *Plott* left the application of the rule on preservation in question—at least in a 3.800(a) proceeding. While a fair reading of *Plott* indicates that the *Apprendi* argument was not preserved, our supreme court nevertheless ordered the case to resentencing if the error were "determined not to be harmless," and in so doing, made no reference to the rule on preservation. *Id.* at 94. Not surprisingly, our 3.800(a) record is insufficient to determine whether the PRR argument was preserved at sentencing.

[2] § 775.082(9), Fla. Stat. (2010).

[3] I read Denson's motion to challenge both the constitutionality of the PRR statute on its face and as applied.

*The Sixth Amendment and Apprendi*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury[.]" Amend. VI, U.S. Const.

In *Apprendi*, the United States Supreme Court interpreted this right to mean that, except for the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Stated another way, "[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *Id.* (citation omitted).

Notably, even in this early decision, the *Apprendi* Court openly questioned the propriety of an exception for the fact of a prior conviction. On that point, the Court conceded that its precedent establishing the exception was arguably "incorrectly decided." *Id.* at 489.

While *Apprendi*'s holding, at first blush, might seem simple enough, the Court was forced to revisit the issue four years later in *Blakely v. Washington*, 542 U.S. 296 (2004). In that case, the Court clarified that the "statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303. In other words, the statutory maximum is the maximum a judge may impose "*without* any additional findings." *Id.* at 304.

The *Blakely* Court also openly acknowledged that the Sixth Amendment's jury guarantee is, at least comparatively, inefficient. But the Court declined any invitation to use efficiency as an excuse to redraw the constitutional lines. Instead, the Court honored the "Framers' paradigm," concluding that the "decision cannot turn on whether or to what degree trial by jury impairs the efficiency or fairness of criminal justice." *Id.* at 313.

4

Then, in *Alleyne v. United States*, 570 U.S. 99 (2013), the issue reared its head again. In that case, the Court overruled prior precedent and held that *Apprendi*'s rule requiring a jury to find any facts increasing the statutory maximum also applies to facts increasing the minimum sentence. *Id.* at 103.

Just last year, in *Erlinger v. United States*, 602 U.S. 821 (2024), the Court was once more called upon to interpret *Apprendi*'s reach. This time, the Court considered whether the already criticized exception for the fact of a prior conviction allowed a judge to determine if "a defendant's past offenses were committed on separate occasions." *Id.* at 825. The Court's answer, unsurprisingly, was decidedly "no." *Id.* at 836–40, 849.

But *Erlinger* went further. First, *Erlinger* categorically rejected any expansion of the exception for the fact of a prior conviction.[4] Instead, the Court insisted that a judge may "*do no more* . . . than determine what crime, with what elements, the defendant was convicted of." *Id.* at 838 (emphasis added) (citation omitted).

In fact, *Erlinger* did not just seek to limit *Apprendi*'s sole exception, it doubled down on the criticism voiced in *Apprendi* itself. This time, however, instead of simply saying that the exception is "arguably incorrect," the Court described its precedent establishing the exception as "expressly delimited," *id.* at 838, and went out of its way to recount that Justice Thomas has "called for it to be overruled." *Id.* at 837.[5] In case there remained any doubt, the Court emphasized, in an unmistakable tone of protest, that "[w]e have reiterated this limit on the scope of [the exception] 'over and over,' to the point of 'downright tedium.'" *Id.* at 838 (citation omitted).

---

[4] The exception gained a foothold in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

[5] Justice Thomas, in his concurring opinion in *Erlinger*, classified the exception as "dubious." *Id.* at 850 (Thomas, J., concurring).

Second, the *Erlinger* Court reiterated what was already clear from a careful reading of *Blakely*—that "[t]here is no efficiency exception to the Fifth and Sixth Amendments." *Id.* at 842. Stated simply, the *Erlinger* Court enforced the constitutional right to a jury trial even where the "inquiry will be straightforward" and "regardless of how overwhelmin[g] the evidence may seem to a judge." *Id.* (alteration in original) (citation omitted).

### Our Binding Decision in Simmons

With that background in mind, I turn to our binding decision in *Simmons*. In that case, this court held that the Sixth Amendment permits a judge, rather than a jury, to decide a defendant's date of release from prison from a prior sentence for purposes of imposing a PRR sentence. 332 So. 3d at 1131–32.

After loosely identifying the contours of *Apprendi*'s sole exception, as we saw them, we seemingly decided that the defendant's date of release is part and parcel of a prior conviction. In that vein, we reasoned that establishing the date of release is "simply a ministerial act." *Id.* We also explained that the date of release "implicates neither the level of the offense, the facts of the underlying offense, nor the character of the offender." *Id.* at 1131.

But this analysis is cursory and unconvincing. For instance, we did not explain how the date of release finding is "ministerial," and even if so, why that would matter for purposes of the Sixth Amendment right to a jury trial. Further, while our analysis addressed findings of fact relevant to the offense and offender, we apparently failed to appreciate the dispositive factor –that a PRR sentence will "increase the prescribed range of penalties to which a criminal defendant is exposed." *Apprendi*, 530 U.S. at 490.

### The Decisions of Other District Courts

Florida's other district courts have reached the same conclusion and, like *Simmons*, have done so by extending *Apprendi*'s sole exception. Even still, while the result has been consistent, the basis and force of each court's explanation has varied.

6

In *Calloway v. State*, 914 So. 2d 12 (Fla. 2d DCA 2005), perhaps the earliest district court decision on the topic, the second district candidly and commendably acknowledged that "[w]hile [the] . . . date of release from [a] prior prison sentence is not the same as a bare fact of a prior conviction, we conclude that it is *directly derivative* of a prior conviction and therefore does not implicate Sixth Amendment protections." *Id.* at 14 (emphasis added). The court further explained the date of release "is based on a prior conviction and is therefore *closely related* to the prior judicial record." *Id.* (emphasis added).

The first and fourth district courts agree because the date of release is "related" to the fact of a prior conviction. *See Williams v. State*, 143 So. 3d 423, 424 (Fla. 1st DCA 2014) (reasoning the date of release "relates to the fact of a prior conviction"); *Chapa v. State*, 159 So. 3d 361, 362 (Fla. 4th DCA 2015) (adopting the reasoning of *Williams*).

Most recently, the third and newly created sixth districts saw no *Apprendi* problem when a judge determines the date of release for PRR purposes. In so doing, each court adopted our analysis from *Simmons*, concluding that the finding is "ministerial." *Maye v. State*, 368 So. 3d 531, 532 (Fla. 6th DCA 2023) (describing the finding as "ministerial in nature"); *Ryland v. State*, 360 So. 3d 784, 786 (Fla. 3d DCA 2023) (describing the finding as a "ministerial determination").[6]

---

[6] The *Maye* court also cited our supreme court's decision in *Robinson v. State*, 793 So. 2d 891, 893 (Fla. 2001). But *Robinson* relied on the United States Supreme Court's decision in *McMillan v. Pennsylvania*, 477 U.S. 79 (1986), and *McMillan*'s holding was eventually overruled in *Alleyne*. *Alleyne*, 570 U.S. at 106 (overruling *Harris v. United States*, 536 U.S. 545 (2002), and explaining that *McMillan* was initially reaffirmed in *Harris*).

*The Florida District Court Decisions are Wrongly Decided*

To date, the unanimous district court decisions on this issue adopt two overarching themes to justify their expansion of *Apprendi*'s only exception.

First, three of Florida's district courts (the first, second, and fourth) reason that the date of release is "related" to the fact of a prior conviction. The second district's *Calloway* decision, however, is the only one directly acknowledging that the date of release "is not the same as the bare fact of a prior conviction." *Calloway*, 914 So. 2d at 14.

But *Erlinger* now makes plain what *Apprendi* signaled years ago—the exception for the fact of a prior conviction is questionable to begin with, and as a result, it must be applied narrowly. In short, the Sixth Amendment will not tolerate an expansion of the exception—even if the bench might view it as logical or slight.

Second, the other three district courts (the third, fifth, and sixth) lean heavily on the purported "ministerial nature" of the finding. Presumably, these courts conclude that proving the date of release is so "straightforward that sending it to a jury would be pointlessly inefficient." *Erlinger*, 602 U.S. at 839 (citation omitted).

While I question whether "ministerial" is an accurate label,[7] *Blakely* and *Erlinger* leave no room for an efficiency exception to

---

[7] The "ministerial" label does not seem to fit because the date of release finding involves the evaluation of evidence. *See, e.g.*, *Town of Manalapan v. Rechler*, 674 So. 2d 789, 790 (Fla. 4th DCA 1996) (explaining that, in the context of mandamus, a "duty or act is defined as ministerial when there is no room for the exercise of discretion, and the performance being required is directed by law"). Specifically, to establish that the PRR statute applies, the State must offer proof, which generally includes records from the Florida Department of Corrections. Notably, *Simmons*, *Maye*, and *Ryland* do not establish that these records are somehow beyond challenge. Indeed, it seems obvious that any record could contain an error. *See, e.g.*, *Gallinat v. State*, 941 So. 2d 1237, 1239 (Fla.

the Sixth Amendment.  To be sure, "[t]he jury trial may have 'never been efficient,'" *Erlinger*, 602 U.S. at 849 (quoting *Apprendi*, 530 U.S. at 498 (Scalia, J., concurring)), but it is required by the Sixth Amendment even when the evidence might be "overwhelming."  *Id.* at 842.  Thus, regardless of the label *Simmons*, *Maye*, and *Ryland* give the finding, the State must put its proof to a jury, not a judge.

Given the United States Supreme Court's now long-standing and clear Sixth Amendment jurisprudence, this court has no authority to expand, or otherwise invent, an exception to the rule announced in *Apprendi*.  Therefore, were I not bound by *Simmons*, I would conclude that Denson's PRR sentence violates the Sixth Amendment and would remand for the trial court to conduct a harmless error analysis.

---

5th DCA 2006) ("[I]t is certainly foreseeable that a Department of Corrections data entry operator could incorrectly input an inmate's commitment date into a computer, resulting in a record stating that the inmate had already served several years in prison on his first day of commitment.").  *Erlinger* itself recognized that even judicial records, specifically *Shepard* documents, "can be prone to error."  *Erlinger*, 602 U.S. at 839 (citation omitted).

WALLIS, J., concurring in part, dissenting in part.

I concur in the portion of the majority's opinion affirming the denial of Appellant's Florida Rule of Criminal Procedure 3.800(a) motion. However, I dissent from the portion of the majority's opinion reversing and remanding for further proceedings. Denson's written sentence, which is contained in our records of his direct appeal in case number 5D2015-4145, conclusively shows that the trial court did not impose any mandatory minimum sentence on Count I. Consequently, the trial court correctly denied Denson's motion and there is no need for further proceedings.