# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

ROY DAVID KINARD,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-2347
_____

April 4, 2025

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Pasco County; Joshua Riba, Judge.

Roy David Kinard, pro se.

PER CURIAM.

Affirmed. *See Robinson v. State*, 793 So. 2d 891, 893 (Fla. 2001) ("[P]roof to the jury of a defendant's release which subjects a defendant to a sentence under the [Prison Releasee Reoffender ("PRR")] Act is not required."); *Robinson v. State*, 337 So. 3d 1275, 1276 (Fla. 2d DCA 2022) ("[B]ecause a defendant's date of release from a prior prison sentence is directly derivative of a prior conviction, it need not be found by a jury beyond a reasonable doubt in order for a defendant to be subject to a PRR sentence." (citing *Lopez v. State*, 135 So. 3d 539, 540 (Fla. 2d DCA 2014))); *Calloway v. State*, 914 So. 2d 12, 14 (Fla. 2d DCA 2005) ("While

we recognize that the fact of Calloway's date of release from his prior prison sentence is not the same as a bare fact of a prior conviction, we conclude that it is directly derivative of a prior conviction and therefore does not implicate Sixth Amendment protections."); *Shortridge v. State*, 884 So. 2d 321, 321 (Fla. 2d DCA 2004) (holding that attacks related to convictions and not sentences are not cognizable pursuant to rule 3.800(a)); *Denson v. State*, 50 Fla. L. Weekly D257 (Fla. 5th DCA Jan. 28, 2025); *Maye v. State*, 368 So. 3d 531, 532 (Fla. 6th DCA 2023) ("[T]he date a defendant was released from prison or jail and the nature of the qualifying offense are ministerial in nature and thus do not require jury findings."), *review granted*, No. SC2023-1184, 2024 WL 1796831 (Fla. Apr. 25, 2024); *Johnson v. State*, 297 So. 3d 638, 639 (Fla. 1st DCA 2020) ("[W]here the oral pronouncement is ambiguous but the record clearly shows the trial court's intent, the proper sentence is what the judge intended it to be."); *Thomas v. State*, 778 So. 2d 429, 430 (Fla. 5th DCA 2001) ("Whether a sentencing statute is constitutional cannot be raised for the first time in a Rule 3.800(a) motion. This type of issue, which seeks a change in the law, must be raised at sentencing and then on direct appeal.").

SILBERMAN, VILLANTI, and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

2