PER CURIAM.
The appellant, Charles Culp, raises two issues in this direct appeal of his convictions and prison releasee reoffender (PRR) sentences. First, Culp argues that the trial court committed fundamental error in allowing the admission of collateral crimes evidence. We affirm this issue because no such evidence was introduced. Second, Culp argues that his PRR sentence is unconstitutional under Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), because the predicate facts for the sentence were not alleged in the information or found by a jury. We affirm this issue based upon Williams v. State, 143 So.3d 423 (Fla. 1st DCA 2014), and Lopez v. State, 135 So.3d 539 (Fla. 2d DCA 2014). See also Almendarez-Torres v. United States, 523 U.S. 224, 228, 243, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (explaining that the charging document need not allege facts “relevant only to the sentencing of an offender found guilty of the charged crime” and stating that “the Court said long ago that a State need not allege a defendant’s prior conviction in the indictment or information that alleges the elements of an underlying crime”) (emphasis in original).
AFFIRMED.
LEWIS, C.J., WOLF, and WETHERELL, JJ., concur.