CIKLIN, C.J.
The state appeals the defendant’s sentence, arguing that the trial court erred in ruling that it could not impose a prison releasee reoffender (“PRR”) sentence in the absence of findings by the jury that the defendant qualified for such enhanced sentencing. We agree and reverse and remand for resentencing.
A jury found the defendant guilty of robbery with a firearm and grand theft. The state sought to have the defendant sentenced as a PRR pursuant to section 775.082(9), Florida Statutes (2011), and introduced evidence that he committed the robbery within three years of his release from prison. Defense counsel acknowledged that the evidence established that the defendant qualified for PRR sentencing, but he objected to such sentencing on the grounds that the jury had to make the necessary findings. The trial court found that “the defense properly concedes that [the defendant] ... notwithstanding the Alleyne objection, would meet ... the criteria of being designated as a prison re-leasee reoffender.” The court found, however, that under Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the jury would have to make the requisite finding that the defendant committed the robbery within three years of his release from prison. The court declined to sentence the defendant as a PRR, instead sentencing him to thirty-five years in prison with a mandatory minimum sentence of ten years in prison.
Section 775.082(9)(a), Florida Statutes (2011), provides for enhanced sentencing as a PRR if a defendant is convicted of an enumerated offense, which includes robbery, “within 3 years after being released from a state correctional facility operated by the Department of Corrections ... following incarceration for an offense for which the sentence is punishable by more than 1 year in this state.”
This court has previously rejected the argument that, in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Alleyne, 133 S.Ct. 2151, a jury must make the requisite findings for PRR sentencing. See Chapa v. *194 State, 159 So.3d 361, 362 (Fla. 4th DCA 2015) (adopting reasoning of Williams v. State, 143 So.3d 423 (Fla. 1st DCA 2014), and Lopez v. State, 135 So.3d 539 (Fla. 2d DCA 2014)).
Accordingly, we agree with the state and hold that the trial court erred in finding it could not impose a PRR sentence in the absence of jury findings. We reverse and remand for resentencing. We find the defendant’s cross-appeal to' be without merit and affirm the conviction without discussion.

Affirmed in part, reversed in part, and remanded for resentencing.

MAY and DAMOORGIAN, JJ., concur.